[No. 5447.   Decided September 7, 1905.]

TACOMA MILL COMPANY, *Appellant,* v. A. P. PERRY, *Respondent.*[1]

CONTRACTS—TO CUT LOGS ON LANDS OF ANOTHER—CERTAINTY—PRICE FIXED BY THIRD PARTY. A contract for the cutting of timber on the land of another is not incomplete because the price was left to be fixed by a third person.

ACTIONS—TORT OR CONTRACT—TRESPASS—FOR CUTTING TIMBER—TREBLE DAMAGES—ACTION FOR—NO RECOVERY ON CONTRACT. An action for treble damages for unlawfully cutting timber on the land of another, under Bal. Code, §§ 5656, 5657, sounds in tort for a trespass, and no recovery can be had thereon upon proof of a contract agreeing to pay the value of the timber cut.

1Reported in 82 Pac. 140.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered August 1, 1904, upon the special verdict of a jury rendered in favor of the defendant, in an action of trespass. Affirmed.

*G. C. Israel,* for appellant.

*Vance & Mitchell,* for respondent.

CROW, J.—Appellant, the Tacoma Mill Company, instituted this action in the superior court of Thurston county, to recover treble damages in the total sum of $1,462.50, under the provisions of Bal. Code, §§ 5656, 5657, for a wilful trespass alleged to have been committed by respondent, A. P. Perry, early in 1901, in entering upon a portion of section 13, township 16, north, range 1, west, land belonging to appellant, and without lawful authority cutting and removing timber therefrom. Respondent in his answer denied the alleged trespass, admitted having cut timber of the value of $109.02, and alleged that he had lawful authority therefor, having in 1897 purchased said timber, by contract made by respondent with one Hansen, the duly authorized manager of appellant, which contract was afterwards, in 1901, before said cutting, modified by agreement with one Hill, then manager for appellant. Appellant having by its reply denied such alleged contract, a trial was had, and the jury answered special questions submitted by the court as follows:

"Q. What amount of timber in thousand feet, board measure, did the defendant cut upon the lands in controversy? A. 275,000 feet. Q. What was the market value per thousand feet, board measure, of the timber cut on the lands in controversy, and at the time defendant cut said timber? A. $1.00 per thousand. Q. Did the defendant, at the time he cut the timber on the lands in controversy, have any contract or agreement, with the Tacoma Mill Company, as to section 13, in township 16, north of range 1, west, whereby he promised to, or was authorized by, said Tacoma Mill Company to cut said timber? A. Yes. Q. Was the

entry and cutting of timber by the defendant, A. P. Perry, upon the lands of the plaintiff, the Tacoma Mill Company, with lawful authority from the Tacoma Mill Company? A. Yes. Q. Did Perry cut the timber on section 13 pursuant to an agreement with the Tacoma Mill Company, made with Hansen in the first instance, and modified between him and Mr. Hill, and already partly executed? A. Yes. Q. Was such modification, if you find one to have been made, assented to by Perry solely to avoid trouble? A. Yes."

The jury also returned a general verdict in favor of respondent. Appellant, relying upon the special findings, moved for judgment for $275, and costs, notwithstanding the general verdict; which motion being denied, it also moved for a new trial, which was refused; and judgment being entered for respondent, this appeal has been taken.

Several assignments of error are made, but in substance they present only two propositions: (1) That the special findings made by the jury are not supported by competent evidence; (2) that the court erred in denying appellant's motion for judgment, and in entering judgment for respondent. Appellant contends that the contract for cutting, pleaded by respondent, and evidently found by the jury, was not sustained by competent evidence. Respondent testified that the contract was originally made in 1897 with appellant's manager Hansen, and stipulated that respondent was to cut the timber and that one Morris, appellant's cruiser, should state what the timber on section 13 was worth, and, when he did so state, the amount fixed by him should be the contract price. Appellant contends that, as the exact price was not expressly fixed by respondent and itself, but was left to Morris, no complete contract was shown, but simply preliminary negotiations for a possible contract. We think this contention cannot be sustained; also, that the record shows ample evidence to sustain all special findings made by the jury.

The jury found that respondent, under contract and with lawful authority, had cut timber of the value of $275, and

appellant offering to waive his claim for treble damages, moved for judgment in that sum. This is an action sounding in tort, appellant having proceeded under said §§5656 and 5657, reading as follows:

"§ 5656. Whenever any person shall cut down, girdle, or otherwise injure or carry off any tree, timber, or shrub on the land of another person, . . . without lawful authority, in an action by such person, . . . against the person committing such trespasses, . . . if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed or assessed therefor, as the case may be.

"§ 5657. If upon trial of such action it shall appear that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which such trespass was committed was his own, or that of the person in whose service or by whose direction the act was done, or that such tree or timber was taken from uninclosed woodlands, for the purpose of repairing any public highway or bridge upon the land, or adjoining it, judgment shall only be given for single damages."

Under the above sections, a recovery, whether of treble damages under the former, or single damages under the latter, can be had only for a trespass committed. Respondent, however, committed no trespass, and appellant cannot recover in this action, sounding in tort, any sum that may be found to be due upon contract.

"A recovery cannot be had upon proof of a contract, express or implied, on a complaint setting up an action sounding in tort, and *vice versa* when the complaint sets forth a cause of action *ex contractu* a recovery cannot be had upon proof of tort, on failure to prove the contract." 2 Abbott, Trial Brief, p. 1683, §129.

This court has held that, under our code, an action in tort and an action on contract cannot be joined. See, *Clark v. Great Northern R. Co.*, 31 Wash. 658, 72 Pac. 477, and *Sanders v. Stimson Mill Co.*, 34 Wash. 357, 75 Pac. 974. In the latter case the holding, also, is that one suing in tort cannot

recover by reason of a contract which would have entitled him to recover in a separate action. We regard the above authorities as controlling in this case.

The judgment is affirmed.

MOUNT, C. J., RUDKIN, ROOT, HADLEY, and DUNBAR, JJ., concur.