[No. 7392.   Decided February 15, 1909.]

AGNES NETHERY, *Respondent*, v. ALFRED NELSON *et al.*,
*Appellants.*[1]

WITNESSES—IMPEACHMENT—LAYING FOUNDATION.   It is not prej-
udicial error to permit impeachment of a witness without laying
formal or regular foundation, where the conversation in question
had been sufficiently called to the attention of the witness while on
the stand, and he recalled the circumstances but denied the con-
versation.

APPEAL—EXCEPTIONS—SUFFICIENCY.   In an action for trespass
an exception to instructions "to the effect that defendants must
ascertain the line or they would be guilty of a wilful trespass," does
not raise any objection to an instruction that the burden of proof
was upon the defendants to show a casual or involuntary trespass.

TRESPASS—DAMAGES—EXCESSIVE VERDICT.   A verdict for $974.19
for trespass in cutting trees is excessive where the testimony most
favorable to the plaintiff showed the cutting of forty-seven trees
of the stumpage value of $785.74, and the testimony that standing
timber left was rendered less valuable was outside the issues, and
there was no testimony as to the extent of depreciation of the value
of standing timber or of the land.

TRESPASS—VOLUNTARY—EVIDENCE—SUFFICIENCY.   A finding that
a trespass was not casual or involuntary is supported where de-
fendants cut trees without having made an effort to locate section
lines, which were easily located after the trespass.

SAME—DAMAGES.   Evidence that 250,000 to 390,000 feet of timber
cut was of the value of from $1 to $2 per thousand should not war-
rant a finding that the fair value of the timber was over $500.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered October 28, 1907, upon the
verdict of a jury rendered in favor of the plaintiff, in an ac-
tion for trespass.   Reversed.

*C. W. Hodgdon* and *W. H. Abel*, for appellants.

*J. A. Hutcheson*, for respondent.

[1]Reported in 99 Pac. 879.

RUDKIN, C. J.—This action was instituted to recover treble damages for cutting and removing timber from a tract of timber land in Chehalis county. The jury returned a verdict in favor of the plaintiff in the sum of $974.19, and found specially that the trespass was not casual or involuntary, and that the defendants did not have probable cause to believe that the land upon which the trespass was committed was their own. The court entered a judgment on this verdict for treble damages, and from the judgment so entered, the present appeal is prosecuted. Error is assigned in the admission of testimony, in the giving of instructions, and in the overruling of a motion for a new trial.

(1)  The respondent called a witness in rebuttal, and asked him to detail a certain conversation had between him and the appellants' foreman some time before the trespass was committed.  After a considerable portion of this conversation had been received in evidence, the appellants objected to the testimony on the ground that no proper foundation had been laid for impeachment, and that the testimony was improper in rebuttal.  While the method of impeachment resorted to was somewhat informal and irregular, we think the conversation in question was sufficiently called to the attention of the foreman when on the stand as a witness for the appellants, and at that time he recalled the circumstances but denied that the conversation took place.  There was no prejudicial error in this ruling.

(2)  The court instructed the jury that the burden was on the appellants to show, by a preponderance of the evidence, that the trespass was casual or involuntary, or that the appellants had probable cause to believe that the land on which the trespass was committed was their own, and the giving of this instruction is assigned as error.  The only exception taken to the charge of the court is in the following language: "Defendants except to the instructions of the court to the effect that the defendants must ascertain the line

40—51 WASH.

or they would be guilty of a wilful trespass." This exception manifestly does not refer to the instruction relating to the burden of proof, and the assignment cannot therefore be considered.

(3) It is lastly contended that the verdict is not supported by the testimony. In so far as the damages assessed by the jury are concerned, this exception must be sustained. The testimony most favorable to the respondent tends to show that forty-seven trees in all were cut and carried away, and that they contained 392,871 feet of lumber, of the stumpage value of two dollars per thousand, making a total valuation of $785.74 as against $974.19 found by the jury. Some testimony was offered tending to show that the remainder of the timber on the tract was of less value because of the taking of a part, but this testimony was outside the issues in the case, and there was not the slightest testimony tending to show to what extent the value of the timber not taken or the value of the land itself was depreciated by the trespass complained of.

The special finding that the trespass was not casual or involuntary, and that the appellants did not have probable cause to believe that the land upon which the trespass was committed was their own, is fully sustained by the testimony. The appellants made no effort whatever to locate the section line before cutting the timber, and found no difficulty whatever in marking the location after the trespass was committed. The claim that they mistook a blazed zigzag trail through the forest for a section line evidently did not impress the jury and does not impress this court.

For error in the assessment of the amount of the recovery, the judgment must be reversed or materially modified. Inasmuch as treble damages are allowed in this class of actions, we are not disposed to give the respondent the benefit of the highest valuation based on the highest estimate made as to the quantity of timber taken. The different witnesses for the appellants and the respondent estimated the quantity of timber

at from 250,000 to 390,000 feet, in round numbers, and the stumpage value at from one to two dollars per thousand. Based on these estimates, we think the fair value of the timber taken was $500, and if the respondent is not willing to accept that amount, she must submit to a new trial.

The judgment is reversed, and if the respondent remits from the judgment all sums in excess of $1,500, and costs of suit, within thirty days from the filing of the remittitur in the court below, judgment will be entered for the residue, but if no such remission is made, a new trial will be ordered. Appellants will recover their costs in this court.

FULLERTON, MOUNT, CHADWICK, CROW, and DUNBAR, JJ., concur.

GOSE, J.. took no part.