-[No. 7684.   Decided August 12, 1909.]

NORTHERN PACIFIC RAILWAY COMPANY, *Respondent*, v.
MYERS-PARR MILL COMPANY, *Appellant.*[1]

TRIAL — ARGUMENT — OBJECTIONS — APPEAL — PRESERVATION OF GROUNDS. It cannot be claimed that the court refused to allow argument to the jury on the value of timber, upon taking the other issues from the jury, by reason of the statement of the court that the only matter counsel could discuss was as to the amount of the timber cut and as to whether plaintiff was entitled to treble damages, there being no request made to permit discussion of the value, or any attempt to do so.

TRESPASS—CUTTING TIMBER—EVIDENCE—SUFFICIENCY. In an action for damages for cutting timber on the defendant's land, judgment is properly directed for plaintiff, where its title indisputably appears and defendant cut the timber without plaintiff's consent.

PUBLIC LANDS — GRANTS — RAILROAD RIGHT OF WAY — TITLE ACQUIRED—STANDING TIMBER. Act Cong., July 2, 1864, granting the Northern Pacific Railroad Company a four-hundred foot right of way across public lands, conveys a fee simple title, including the title to standing timber.

APPEAL—RECORD—PRESERVATION OF GROUNDS — INSTRUCTIONS—REQUESTS. Error cannot be assigned on an exception to the refusal to give a requested instruction, where the transcript does not show that a request therefor was made in writing and filed as required by Bal. Code, § 5064.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. It is harmless error to refuse an instruction that the jury must find the value of timber at the time of the trespass, where there was no evidence of value at any other time, and the jury found the value upon ample evidence.

TRESPASS—CUTTING STANDING TIMBER—ACTIONS—TREBLE DAMAGES. An action for the wrongful and willful cutting of timber on the land

[1]Reported in 103 Pac. 453.

of another, the complaint praying for treble damages, is an action in tort, under Bal. Code, §§ 5656, 5657, upon which treble damages may be awarded.

SAME—SPECIAL FINDINGS OF JURY.   In an action for trespass in cutting standing timber, treble damages should be awarded as provided by Bal. Code, § 5656, where there was no claim by defendant, pursuant to Id., § 5657, that the trespass was casual or involuntary, and the jury found specially that the defendant had no probable cause to believe that the land was its own, and might, by the exercise of ordinary care, have ascertained that it belonged to the plaintiff.

SAME—VERDICT—INTERROGATORIES.   Under Bal. Code, § 5657, limiting the recovery for timber cut on the land of another to single damages in case the trespass was casual or involuntary or if the defendant had probable cause to believe that the land was his own, an interrogatory submitted to the jury as to whether defendant had reasonable cause to believe the "land" was his own is in substantial compliance with the statute, and not prejudicial error, although the defendant claimed to own only the timber and not the land.

Appeal from a judgment of the superior court for Pierce county, Reid, J., entered February 3, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for trespass.   Affirmed.

*Emmett N. Parker* and *J. C. Cross* ( *A. Emerson Cross*, of counsel), for appellant.

*J. W. Quick* and *W. C. Morrow*, for respondent.

CROW, J.—Action by the Northern Pacific Railway Company, a corporation, against Myers-Parr Mill Company, a corporation, to recover damages for standing timber alleged to have been cut and removed from plaintiff's right of way. The defendant purchased from owners of adjoining lands certain timber standing thereon, and now contends that it in good faith believed it then acquired title to the timber in dispute.   The plaintiff claims title to a right of way four hundred feet wide, located two hundred feet on either side of the center line of its railway track.   The trial court found title in the plaintiff, and submitted to the jury the sole ques-

tion of the amount of timber taken and its value. The jury returned a general verdict for plaintiff in the sum of $259.50, and answered special interrogatories as follows:

"(1) How many thousand feet of timber did the defendant remove from the right of way of the plaintiff? One hundred and seventy-three thousand feet.

"(2) What was the value of the timber so cut and removed? One and 50-100 dollars per thousand feet.

"(3) Did the defendant have probable cause to believe that the land from which it was taken was its own? No.

"(4) Could the defendant, by the exercise of ordinary care and prudence, have ascertained that the land from which this timber was taken belonged to the plaintiff? Yes."

From a judgment for $778.50, treble damages, the defendant appeals.

Appellant's first contention is that the trial court erred in refusing to permit its counsel to address the jury on the value of the timber taken, and in limiting the argument to a discussion of the number of feet of timber cut. We are unable to find that the record shows any such refusal. It reads as follows:

"Jury excused temporarily. The Court: I shall instruct the jury in this case to find a verdict for the plaintiff; the only matter counsel may discuss to the jury is as to the number of feet cut, and as to whether or not the plaintiff is entitled to treble damages. Objection by defendant. Exception reserved. The Court: The court takes judicial notice of the laws of the United States granting right-of-way to the Northern Pacific Company."

This extract from the record, which states all that occurred on the subject, shows that the trial judge held, as a matter of law, that the respondent owned the right of way and timber, and that he would not submit that issue to the jury. Nowhere does it appear that appellant's attorney specifically asked permission to discuss the value of the timber, that he was denied such privilege, or that he actually attempted its discussion and was interrupted by the trial court

29—54 WASH.

or counsel for the respondent. If, by the statement made, appellant understood that the trial court intended to prevent any discussion of value, it should have made a direct request for permission to address the jury on that subject. Had it done so, its request would undoubtedly have been granted. If not, the court's refusal could then have been made to affirmatively appear in the statement of facts. On the record before us, we cannot consider this assignment, there being nothing to show that the appellant's counsel did not in fact discuss to the jury the question of value.

Appellant next contends that the trial court erred in instructing the jury to find for the plaintiff. It indisputably appears from the evidence that the right of way and timber belonged to respondent, and that appellant had cut the timber without its knowledge or consent. This being true, the instruction was proper. Appellant, however, contends that the respondent did not hold a fee simple title to the right of way under the act of Congress of July 2, 1864 (13 Stats. at L. p. 365), its argument being that an easement only was granted to respondent's predecessor the Northern Pacific Railroad Company, which was not sufficient to include title to timber. The supreme court of the United States has disposed of this question contrary to appellant's contention. *Northern Pac. R. Co. v. Townsend*, 190 U. S. 267, 23 Sup. Ct. 671, 47 L. Ed. 1044. Facts stipulated on the trial show respondent's title.

The appellant contends that the trial court erred in refusing the following requested instructions: "You are further instructed that the value of any timber that may have been cut by the defendant, was the market value of the timber at the time it was cut; and you will so find in your verdict." The record does not show that any written request for this instruction was made. It does show that, after the jury had retired, appellant's attorney took the following exception: "The defendant excepts to the court's refusal to give its request for instruction numbered 2, as follows."

Then follows as a part of the exception the instruction above mentioned. No written request for the instruction appears in the transcript to have been filed and made a part of the record as contemplated by our statute. Bal. Code, § 5064 (P. C. § 681); *Tergeson v. Robinson Mfg. Co.*, 48 Wash. 294, 93 Pac. 428.

Assuming, however, that the instruction was requested in writing, refused, and filed, yet, in the light of the record, the error assigned could not have been prejudicial to the appellant. No evidence tending to show value at any period of time other than about the time the timber was cut was admitted. The jury were instructed to find the value of the timber, and did so. The only evidence upon which they could have possibly predicated their finding related to the time when the timber was cut, and there was ample evidence of that character. Evidence of value at any time other than about the time of cutting, was excluded by the trial judge. This being true, the jury could not have been misled.

Appellant, by its remaining assignments of error, contends that the trial court erred in considering this cause as an action in tort, and in trebling the damages awarded by the jury. We fail to understand how the appellant can arrive at the conclusion that this is an action on contract. The respondent pleaded facts sufficient to show that appellant had wrongfully, wilfully, and without authority entered upon its right of way, had cut timber standing thereon, and in its prayer asked treble damages. While it is true, as appellant contends, that the prayer of a complaint is not a part of the pleading, in the sense that it can be regarded as an allegation, yet when the respondent did plead the wrongful acts of the appellant, it stated facts sufficient to constitute a cause of action arising in tort. This action is based on Bal. Code, §§ 5656, 5657 (P. C. §§ 1257, 1258). In *Tacoma Mill Co. v. Perry*, 40 Wash. 44, 82 Pac. 140, we held such an action to be for trespass arising in tort, and not upon contract.

The only question remaining for our consideration is whether the trial court was justified by the general verdict and the special findings, in awarding judgment for treble damages. Section 5656 provides for treble damages in an action of this character, while § 5657 provides that, where it appears upon the trial of the action, "that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which such trespass was committed was . his own, . . . judgment shall only be given for single damages." At no time during the trial did the appellant claim its trespass was casual or involuntary, nor was there any evidence to show that it was of such a character. Hence, there was no reason for submitting any issue to the jury for its determination, other than the amount of timber cut, and its value. Appellant makes some criticism upon the answer of the jury to the third special interrogatory, contending that it can have no bearing on the issues, as neither party claimed that the *land* from which the timber was cut was owned by the appellant, but that the appellant claimed the *timber* only. The interrogatory and answer were in substantial compliance with the requirement of the statute, even though technically faulty in form in referring to *land* only. Taking the pleadings, the evidence, and special findings of the jury into consideration, we hold that it was the duty of the trial court to award judgment for treble damages.

There is no prejudicial error in the record. The judgment is affirmed.

MOUNT, FULLERTON, CHADWICK, and GOSE, JJ., concur.

DUNBAR, MORRIS, and PARKER, JJ., took no part.