[No. 13255. Department Two. July 28, 1916.]

EUGENE E. HAROLD et al., *Respondents*, v. LOUIS W. TOOMEY, *Appellant*.[1]

APPEAL—REVIEW—FINDINGS—FAILURE TO REQUEST. Error cannot be predicated on failure to make findings, where the judgment contains the findings necessary to support it, and no findings were proposed or refused.

TRESPASS—TREBLE DAMAGES—STATUTES—PROOF OF INTENT. An action under Rem. & Bal. Code, § 939, for treble damages for wilful trespass and malicious cutting of trees, while strictly construed, is not a penal action, and it is not necessary to prove intent beyond the commission of the act and its consequences.

TRESPASS—WILFUL TRESPASS — EVIDENCE — SUFFICIENCY. A finding of wilful trespass in cutting trees is sustained by the evidence, although circumstantial only, where it appears that the only trees cut interfered with defendant's marine view, he was seen on the premises the day the damage was done, with an axe and ladder, in the absence of the custodians, and he did not testify or explain the circumstances.

EVIDENCE—PRESUMPTIONS—FAILURE TO TESTIFY. In an action for treble damages for trespass, defendant's failure to testify as to matters material to his case as to which he has especially full knowledge warrants an inference that the truth would not aid his contention; the statutory rule in criminal cases not applying.

[1]Reported in 158 Pac. 986.

Appeal from a judgment of the superior court for King county, French, J., entered May 18, 1915, upon findings in favor of the plaintiff, in an action of trespass, tried to the court. Affirmed.

*Edwin H. Flick* and *John A. Frater*, for appellant.

*Charles R. Barney*, for respondents.

HOLCOMB, J.—Respondents claimed damages from appellant in the sum of $500 trebled, under the provisions of Rem. & Bal. Code, § 939, for wilful trespass upon their land and the malicious cutting and injuring of a number of their trees and shrubs thereon. The damages shown by their testimony ranged from $400 to $1,000. The court, sitting without a jury, found that the entry by appellant upon respondents' land was wilful, that he committed the acts of cutting and injuring the trees and shrubs complained of, and that the damage done was $300, which he trebled and awarded judgment therefor.

I. The judgment contains the findings necessary to support it, and the case therefore does not fall within the rule announced in *Western Dry Goods Co. v. Hamilton*, 86 Wash. 478, 150 Pac. 1171. Furthermore, appellant proposed no findings and none were refused by the lower court. The first claim of appellant must, therefore, be denied.

II. While it is true that this court construes the statute (§ 939, *supra*) strictly and will discountenance any trebling of damages except in cases where the trespass is voluntary and an element of wilfulness or malice is combined therewith, nevertheless, the statute was enacted for a just, double purpose—to punish a voluntary offender and to provide, by trebling the actual present damage, a rough measure of compensation for future damages not generally ascertainable.

Although the statute is penal in its nature, this action is not a criminal or penal action, but is merely a civil action for tortious damages, with added penal damages. It is not,

therefore, necessary to prove an intent on the part of the tort feasor, any more than the commission of the act and its consequences. Even in criminal cases, the rule is that "intent need not be proven by direct testimony; it may be inferred from the act itself and from the circumstances surrounding and attendant upon its commission."

III. The facts in this case are largely circumstantial. No one actually saw the appellant doing the cutting. But it was shown that he lived across the street from this land; that the trees cut interfered with his view of the waters of Puget Sound, and that he was seen on the land in question, on the day the trees and shrubs were cut and despoiled, with an axe in his hand and a ladder leaning against a tree. The custodians of the place were absent at the time. No trees or shrubs except those which interfered with appellant's view of the Sound were cut or injured. If this were a criminal prosecution for the same act, and the jury or trier of the fact believed that these circumstances showed beyond a reasonable doubt the guilt of the accused, we would not disturb the verdict or finding. The quantity of proof required in this case being only a preponderance of the evidence, much less can we disturb the finding. Moreover, the appellant himself did not see fit to testify and explain or deny his presence on the land with axe and ladder or his cutting of the trees and shrubs. The lower court mentioned this circumstance in passing upon the case, and of that appellant complains. It is argued that, because it is error to refuse to instruct a jury that no presumption of guilt could be attributed to the failure of defendant to testify in his own behalf (*State v. Gustafson*, 87 Wash. 613, 152 Pac. 335), it was error for the trial judge as trier of the fact to draw any inference from the failure of defendant in this case to testify. That is the rule in a criminal case since the statute makes it so. This is in no sense a criminal case. There is no such rule applicable in a civil case. On the contrary, the failure of a litigant to testify as to facts material to his case as to which he has es-

pecially full knowledge gives rise to an inference that he refrains from testifying because the truth, if made to appear, would not aid his contention. 16 Cyc. 1064. This case comes within the holdings of the following: *Heybrook v. Index Lumber Co.*, 49 Wash. 378, 95 Pac. 324; *Nethery v. Nelson*, 51 Wash. 624, 99 Pac. 879; *Northern Pac. R. Co. v. Myers-Parr Mill Co.*, 54 Wash. 447, 103 Pac. 453; *Simons v. Wilson*, 61 Wash. 574, 112 Pac. 653; *Bailey v. Hayden*, 65 Wash. 57, 117 Pac. 720.

There is competent and substantial evidence to support the finding of the court as to the actual damages and we will not disturb its finding in that respect.

Affirmed.

MORRIS, C. J., PARKER, BAUSMAN, and CHADWICK, JJ., concur.