· [No. 17486. Department One. December 6, 1922.]

ARCHIBALD H. WALKER, *as Administrator etc., Respondent,* v. GILBERT B. BUTTERWORTH, *Appellant.*[1]

MUNICIPAL CORPORATIONS (381-389) — USE OF STREETS — RATE OF SPEED—EVIDENCE—SUFFICIENCY. In an action for the death of a pedestrian struck by an automobile, the negligence of the defendant in driving at an excessive speed is for the jury, notwithstanding· he was not exceeding the speed limit, in view of Rem. Code, § 5562-23, providing that no automobile shall be driven in other than a careful manner, nor than at a greater speed than is reasonable and proper, there being evidence bearing upon that point.

SAME (389)—USE OF STREETS—BLOWING HORN—EVIDENCE—SUFFI-CIENCY. In such an action, it is error to submit to the jury the negligence of the defendant in failing to blow his horn, where his statement on the subject was not sufficiently contradicted and there is nothing to show that the blowing of the horn would have assisted in averting the collision.

SAME (390)—USE OF STREETS—LIGHTS—QUESTION FOR JURY. In such an action, the negligence of the defendant in the matter of burning lights is a question for the jury, although there is but slight contradiction as to his statement, where one witness testified that he did not see any lights.

SAME (384, 389)—USE OF STREETS—PROXIMATE CAUSE AND LAST CLEAR CHANCE—EVIDENCE—SUFFICIENCY. In such an action there is no room for the application of the doctrine of last clear chance, where it appears that deceased stepped out within ten feet of the approaching car and it was impossible at the time to have done anything to avoid striking her. ·

SAME (391)—USE OF STREETS—CONTRIBUTORY NEGLIGENCE—QUES-TION FOR JURY. In such an action, the contributory negligence of the deceased in entering the street between intersections without looking is a question for the jury, where there is evidence that the collision took place at the street intersection where the deceased had the right of way.

SAME (392)—USE OF STREETS—INSTRUCTIONS. In such an action, the defendant is entitled to an instruction that, if the jury were unable to determine what was the cause of the injury to the deceased, it was their duty to find for the defendant.

[1]Reported in 210 Pac. 813. ·

. TRIAL (101)—REQUESTS—INSTRUCTIONS ALREADY GIVEN. Error cannot be predicated upon the refusal of requested instructions that were sufficiently covered in other charges.

MUNICIPAL CORPORATIONS (392)—USE OF STREETS—INSTRUCTIONS. An instruction upon the subject of contributory negligence, if the jury decides that the defendant was guilty of negligence, is not necessarily prejudicial because it omitted to add, if the defendant was guilty of negligence which was the proximate cause of the injury.

SAME (392). In such an action, an instruction upon the subject of contributory negligence is misleading and erroneous, where it attempts to lay down a different rule for negligence which had not arisen from a violation of law from the rule that applies where the violation of law was negligence in itself.

SAME (392). In such an action, it is misleading and confusing to instruct upon the subject of an obstructing condition of the sidewalk, presenting to the jury consideration of a matter which had nothing to do with the cause of the injury in any way.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered May 4, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Reversed.

*Preston, Thorgrimson & Turner,* for appellant.

*Carpenter & Carr* and *Winter S. Martin,* for respondent.

MACKINTOSH, J.—Mary Walker, a pedestrian, died as the result of a collision with an automobile driven by the appellant, on Westlake avenue, in the city of Seattle. The time of the accident was 5:30 p. m. on January 11, 1921. These are about the only facts which are not in dispute.

It is the claim of the respondent that the testimony shows that the accident occurred in the intersection of Westlake avenue and Lenora street; that the automobile was being driven at more than twenty miles an hour, or, at least, in violation of the Laws of 1915, p. 394, § 23, Rem. Code, § 5562-23, which provides that no

automobile shall be driven in other than a careful and prudent manner, nor at a greater rate of speed than is reasonable and proper, having regard to the traffic and the use of the way by others, or so as to endanger the life and limb of any person; that there were no lights burning upon the machine, although the accident happened after dark; that no horn warning was sounded; and that, in any event, the appellant, even if Mrs. Walker were guilty of negligence herself, had the last clear chance to avoid the accident.

The appellant claims that the testimony shows that the accident did not happen at the intersection of the streets mentioned, but some distance on Westlake avenue from Lenora street; and with this contention the trial court agreed, for the jury was instructed that there was no evidence to support the allegation that the collision took place at the intersection; that the evidence is conclusive the car was being operated within the speed limit fixed by law; that the lights on the car were burning; that the horn was sounded, or, if not sounded, that it was unnecessary to have been sounded for by the time the pedestrian was discovered the use of the horn would have been futile; that Mrs. Walker was guilty of contributory negligence, as a matter of law, in having stepped out in the middle of a block in front of an oncoming automobile when the street was crowded with machines, the accident having occurred at a very busy time upon a very busy street; that there is no evidence warranting the submission of the case to the jury upon the doctrine of last clear chance.

We will consider the appellant's assignments of error in the order in which they have been argued in both parties' briefs.

I. It is asserted that judgment should have been entered for the defendant for the following reasons:

(a) that there was no negligence of the defendant shown, based upon the following grounds:

(1)   That the car was not being driven at an excessive rate of speed.

The testimony in regard to the rate of speed in excess of that fixed by statute and ordinance is extremely meagre, and were this the only testimony in regard to speed, the argument of the appellant would be very persuasive. But all the facts and circumstances are sufficient to warrant the submission of the question to the jury, for even though the car might have been operated at a speed less than that fixed by statute and ordinance, there is testimony that it was being operated at a rate of speed that under the circumstances was excessive, in view of the statutory prohibition against the operation of a car at such speed as will endanger the safety of a pedestrian. Section 23 above referred to. We are compelled to the conclusion that there was sufficient evidence to go to the jury upon this phase of negligence.

(2)   The blowing of the horn.

Such examination of the testimony as we have been able to make does not disclose anything that would warrant the submission to the jury of this phase of negligence. The driver's positive statement that he blew his horn does not seem to have been sufficiently contradicted to have made the question submissible, and furthermore there is nothing in the situation to show that had the horn been blown it would have been of any assistance in averting the collision. We think it was error, therefore, for the court to submit the question of the appellant's negligence in this regard to the jury's consideration.

(3)   Lights upon the machine.

Appellant and other witnesses testified to the fact that the lights upon his car were burning. The testi-

mony in contradiction to this is very dim, but we cannot say that it was not sufficient to raise a question of fact which it was the province of the jury to determine. There was one witness in whose testimony the following occurs: "Q. Did you see any lights on that dark machine? A. No, sir, no lights." This element of negligence was properly submitted to the jury for its consideration.

(4) It is the contention of the appellant that there is no testimony warranting the instruction upon the last clear chance doctrine.

Assuming, as we must, that the testimony on behalf of the respondent was true, there is not sufficient in the case to warrant the jury in believing that, even though Mrs. Walker may have been careless, the appellant became conscious of her carelessness or by the exercise of reasonable care should have been conscious of it in time to have averted the injury by the exercise of reasonable care on his part. There is no room for the application of the last clear chance doctrine, because the testimony is to the effect that Mrs. Walker stepped out within ten feet of the approaching car, and it was impossible at that time to have done anything to avoid striking her.

(b) It is argued that Mrs. Walker was contributorily negligent as a matter of law; that the collision occurred between street intersections where the appellant had the right of way; that she could have seen the appellant's car had she looked. It may be that, were these the undisputed facts in the case, the appellant would be entitled to an instructed verdict; but there is evidence in the case that the collision took place at the street intersection, where the deceased had the right of way. The picture painted by the respondent's witnesses is of another scene, with the figures in it in altogether different positions to those depicted by the

appellant. It is not for us to determine which one most accurately portrays the actual situation; it was the province of the jury to make the selection. The court was correct in not holding that, as a matter of law, the appellant had established the contributory negligence of the pedestrian.

II. Exception was taken to the submission by several instructions to the jury of the issue of the appellant's negligence in regard to the blowing of the horn. We have already held that these instructions were erroneous in discussing that phase of negligence.

III. An instruction was requested, being defendant's request number 6, to the effect that, if the jury were unable to determine what was the cause of the injury to Mrs. Walker, it was their duty to find a verdict for the defendant. While it may be that the refusal to give this instruction, had it been the only error to be found in the record, would not be sufficient to justify the granting of a new trial, still, the appellant was entitled to this instruction, or one in substance the same, and upon a new trial such instruction should be given.

IV. The appellant also requested the court to give his instruction number 7, relating to the burden of proof being upon the plaintiff to establish the defendant's negligence, and that that negligence was the proximate cause of the injury. What we have said in discussing the next preceding assignment has equal force here, although the court in one general instruction advised the jury as to the law upon the burden of proof it was not at all specific, and the special instruction number 7 was an appropriate instruction which the appellant will be entitled to.

V. Error is assigned upon the giving of the court's instruction number 7, which is criticised for the reason

that it assumes that the appellant was guilty of a negligent act. This instruction, taken with all the other instructions in the case, hardly seems subject to the criticism made of it, and we find no error in this respect.

VI. Exception was taken to the court's instruction number 10, which reads as follows:

"If you decide the defendant was guilty of negligence in driving his car at the time of the collision, your next inquiry would be whether Mary Walker was guilty of such contributory negligence as would prevent her recovery."

The criticism is that, before the question of contributory negligence was subject to consideration by the jury, they must have found that the appellant was guilty of negligence which was the proximate cause of the injury. The instruction may not be very happily worded, but as far as it goes, it was not sufficiently inaccurate to justify the granting of a new trial on that ground alone.

VII. We come now to an instruction the giving of which was clearly erroneous:

"What I have just said covers the subject of negligence generally. It has however an important qualification where the charge is that a city ordinance has been violated, as in this case. One of the issues in this case is whether the defendant violated the ordinance in the particulars charged in the complaint, that is to say whether under section 10 of the ordinance he sounded or failed to sound a warning when there was danger of collision between the automobile he was driving and the pedestrian, Mary Walker, or whether under section 11 he was exhibiting the lights upon his automobile, or under section 60 and the state law whether he was driving at a greater speed than was reasonable or proper, with due regard to the traffic and the use of streets by others, or driving so that there was danger of collision. If you should find that any of

these sections of the ordinance or the state law had been violated by defendant while driving the automobile mentioned, you would find him guilty of negligence, and you would then have to determine whether his violation of the ordinance or state law was the proximate or efficient cause of the collision. The violation of positive law is in itself negligence. So that in the particulars charging violation of the ordinance or state law, if you should find defendant was violating the same at the time of the collision, he would be guilty of negligence and, if you find from the evidence that such violation was the proximate cause of the injury complained of, the defendant would be responsible for his conduct and would be liable to the plaintiff.''

In addition to the instruction being erroneous for the reason that it submitted the issue of the blowing of the horn to the jury, it is also confusing in its treatment of the question of contributory negligence. In instructions prior to this number 13, the court had already instructed the jury in regard to contributory negligence and had told it that any contributory negligence would bar the respondent's right of recovery, and then proceeded to state, ''What I have just said covers the subject of negligence generally. It has, however, an important qualification where the charge is that a city ordinance has been violated, as in this case.'' In other words, the jury was instructed by the court that what the court had theretofore said about contributory negligence only applied in cases where the negligence charged against the driver was some negligence which did not arise from a violation of law, but that the violation of a law was negligence in itself, and that in such cases the contributory negligence was no defense. Of course, this is an entirely erroneous theory and the instruction could not but have been prejudicial.

VIII. The court's instruction number 15 is excepted to for the reason that it refers to an obstructed condition of the sidewalk along Westlake avenue, south of Lenora street, thus presenting to the jury the consideration of a matter which could have been of no importance, for this obstruction was not the cause of the injury in any way, upon either the appellant's or respondent's theory of the case. The instruction only tended to confuse a case which on account of its very close questions of fact it was especially necessary to present to the jury only on the clearest issues.

IX. The last assignment of error is in regard to an instruction upon the last clear chance. What we have already said in regard to this disposes of this assignment.

For the reasons stated the judgment of the lower court is reversed and the cause remanded for a new trial.

PARKER, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.