[No. 23425. Department One. November 5, 1931.]

MILTON BERNARD STORM, *Respondent*, v. C. D. GOLDBERG *et al., Appellants.*[1]

[1]Reported in 4 P. (2d) 1104.

*Pearson & Potts,* for appellants.
*W. H. Abel* and *A. M. Abel,* for respondent.

MITCHELL, J.—The plaintiff was engaged as a workman in the construction of a building nearing completion; and while so engaged was injured by the defendants through Fred Seater, who was engaged as an employee of defendants Goldberg, copartners as Goldberg Furniture Company. It was alleged that the Goldberg Furniture Company was preparing for use certain rooms they intended to occupy as soon as the building was completed; and, while so engaged, Seater, their employee, carelessly and negligently dropped a package or crate of linoleum borders on the plaintiff and injured him. In their answer, defendants denied any negligence on their part and charged the plaintiff with contributory negligence. A jury trial resulted in a verdict for the plaintiff. The defendants have appealed from a judgment on the verdict.

It is contended that the court should have granted motions to take the case from the jury because of lack of sufficient evidence of negligence of the defendants, and because of proof of contributory negligence on the part of the plaintiff—a motion to that effect having been made at the close of plaintiff's case, and again at the close of all the evidence.

As to the proof of negligence on the part of appellants as it appeared at the time each motion was made, it was sufficient, in our opinion, to take the case to the jury, considered not alone with respect to the size, form and weight of the package, and that the crate was made of material commonly used for that purpose, but considered more particularly with reference to the careless manner in which appellant Seater handled the package at the time he dropped it on the respondent.

As to the charge of contributory negligence included in the motions, the respondent was in no way connected with the work the appellants were engaged in. They were independent third parties to him. He was working for the contractor in the construction of the building, and at the time he was injured was at a place he had a right to be in the performance of his work. He testified that he had no knowledge the appellants were handling the linoleum until the package fell and injured him. That testimony, together with the testimony of other facts, in our opinion, made it a case for the jury as to the charge of contributory negligence.

The jury was instructed:

"While the burden rests upon the plaintiff to prove that he was injured through the negligence of the defendants, all that he is required to prove in this respect is that he was in a position where he had a right to be, and that the crate of linoleum fell upon him.

"Prima facie, this makes a case of negligence against the defendants, and the burden then rests upon them to show that due care was exercised in handling the crate of linoleum on the occasion that it fell."

These instructions, in our opinion, were wrong and prejudicial, notwithstanding a general instruction that "the burden of proving negligence rests on the party alleging it," with which it is in conflict. There was no misunderstanding or uncertainty about the cause of the accident; nor was there anything of an unusual or hidden character about the incident to call for presumptions or inferences as to the cause of the package falling and injuring the respondent. It was a plain case, under proof sufficient to carry the question to the jury, as we have seen, of the negligent and careless handling of a package that appellant Seater dropped on respondent in plain view of a number of

witnesses who testified. There was no denial that Seater dropped the package on the respondent. The question was, did Seater do so negligently, the proof of which was upon the respondent.

■ The pleadings in the case presented the issue of permanent physical injury, and the court instructed the jury fully upon that subject to the extent of their taking it into consideration in fixing the amount of compensation to be allowed the respondent, if their verdict should be in favor of respondent. Appellants excepted to the instruction because there was no evidence to justify the giving of it. Respondent contends that the exceptions to the instructions were not sufficient, but upon our examination of them, in connection with the language used in the instructions to which the exceptions were directed, we are of the opinion that the exceptions were sufficient.

Upon the merits in this respect, the appellants are sustained by the record. The only witnesses who testified upon this subject were two physicians who had examined the respondent. On speaking of respondent's condition one of them testified:

"Q. Is that condition in your opinion a permanent one? A. I think it is. I would like to withdraw that. As I understand the question— Q. Is that condition a permanent one? A. I don't think so."

The other one testified to the same effect.

We have often announced the rule that the giving of instructions concerning an issue upon which no substantial testimony was given constituted error. *Burge v. Anderson,* 164 Wash. 509, 3 P. (2d) 131, and cases there cited.

The assignment that the verdict of the jury in the case is excessive is not important at this time. Other

assignments have been disposed of, in effect, by what has been said herein.

Reversed, with directions to grant a new trial.

TOLMAN, C. J., PARKER, MILLARD, and BEELER, JJ., concur.