[No. 18413.  Department Two.  May 1, 1924.]

EMIL MARTINSON, *Respondent*, v. GEORGE GREGORSON *et al.*,
*Appellants.*[1]

Appeal from a judgment of the superior court for Snohomish
county, Bell, J., entered March 2, 1923, upon findings in favor of the
plaintiff, in an action for trespass, tried to the court.  Affirmed.

*E. C. Dailey* and *A. E. Dailey*, for appellants.

*O. T. Webb* and *Clarence J. Coleman*, for respondent.

MITCHELL, J.—Respondent sued to recover judgment for treble
damages from the appellants, under § 939, Rem. Comp. Stat. [P. C.
§ 8557], for the cutting and removal of timber from the lands of
the respondent without lawful authority.  Upon the trial of the
case without a jury, the court found that the defendants wilfully,
unlawfully and without authority entered upon the lands of the
plaintiff and cut and carried away fir timber of the reasonable value
of $229.50, and that the defendants in committing the trespass did
not have any probable cause to believe that the land upon which
the trespass was committed was the land of the defendants.  From
a judgment for treble the damages, the defendants have appealed.

The only claim presented on the appeal is that the findings and
judgment are contrary to the evidence and the law.  The evidence
is not voluminous, and while there is a conflict in some of its
essentials, a consideration of all of it shows that it clearly pre-
ponderates in favor of the findings.  The trial judge seemed to have
been satisfied beyond question, as is shown by his oral statement
at the conclusion of all the testimony, found in the statement of
facts, as follows:

"I have no doubt at all of the plaintiff's right to recover and I
think there is only one justifiable conclusion and that is that this
was an unlawful removal of this timber and willful trespass with
no good reason for Gregerson to believe that he was cutting his
own timber."

The law of the case is fixed by the statute hereinbefore referred
to.  The judgment in such cases shall be treble the amount of the
damages assessed.  The judgment for $688.50 is affirmed.

MAIN, C. J., FULLERTON, and BRIDGES, JJ., concur.

[1]Reported in 225 Pac. 243.