[No. 37121.    Department One.    December 24, 1964.]

HAROLD BLAKE et al., Respondents, v. JAMES WILSON GRANT et al., Appellants.*

*Greenwood, Shiers & Kruse,* by *Frank A. Shiers,* for appellants.

*Gordon L. Walgren,* for respondents.

*Reported in 397 P. (2d) 843.

SHORETT, J.†—This action was brought under the treble damage provisions of RCW 64.12.030 and .040, alleging trespass and the removal of timber. The appellants admitted the trespass, but contended that the same was "unintentional and inadvertent."

Upon conflicting evidence, the trial court decided that the trespass was not "casual or involuntary" so as to bring it under the exculpatory provisions of the statute. The trial court, having found that the actual damages were $319.60, entered judgment for treble that amount, plus interest on the trebled amount from the date of trespass to the filing of the action in the amount of $148.41.

The appellants do not question the court's findings that a trespass occurred or that the actual value of the timber removed was $319.60, but assign error upon the court's action in trebling damages and in allowing interest from the date of the trespass to the commencement of the action.

The applicable statutes are:

RCW 64.12.030: "Whenever any person shall cut down, girdle or otherwise injure, or carry off any tree, timber or shrub on the land of another person, or on the street or highway in front of any person's house, village, town or city lot, or cultivated grounds, or on the commons or public grounds of any village, town or city, or on the street or highway in front thereof, without lawful authority, in an action by such person, village, town or city against the person commiting such trespasses or any of them, if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed or assessed therefor, as the case may be."

RCW 64.12.040: "If upon trial of such action it shall appear that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which such trespass was committed was his own, or that of the person in whose service or by whose direction the act was done, or that such tree or timber was taken from uninclosed woodlands, for the purpose of repairing any public highway or bridge upon the land or adjoining it, judgment shall only be given for single damages."

---

†Judge Shorett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

█ The rule is well established in Washington that there must be an "element of willfulness" on the part of the trespasser to support treble damages. *Bailey v. Hayden,* 65 Wash. 57, 117 Pac. 720; *Harold v. Toomey,* 92 Wash. 297, 158 Pac. 986; *Fredericksen v. Snohomish Cy.,* 190 Wash. 323, 67 P. (2d) 886, 111 A.L.R. 75; *Lawson v. Helmich,* 20 Wn. (2d) 167, 146 P. (2d) 537, 151 A.L.R. 930; *Mullally v. Parks,* 29 Wn. (2d) 899, 190 P. (2d) 107.

The evidence is largely circumstantial, but the court could properly find the necessary element of willfulness on the part of appellants and their employees in attempting to establish the boundary line without locating a proper starting point; in failing to talk to adjoining owners about the true line; in failing to see a previously blazed dividing line; and in making a major error in direction in running the east-west line. In other Washington cases, circumstantial evidence has been relied upon to establish willfulness. *Harold v. Toomey, supra; Martinson v. Gregorson,* 129 Wash. 701, 225 Pac. 243. The court's findings in the case at bar are based upon substantial evidence and we will not disturb them.

The other assignment of error relates to the court's allowance of interest upon the trebled damages from the date of the trespass to the date of the commencement of the action, that is, from November 1, 1958, to August 1, 1961. No interest was allowed for the period from the filing of the action to the date of judgment. The respondents have not cross-appealed and we need not consider whether this additional interest should have been included in the judgment.

In *Grays Harbor Cy. v. Bay City Lbr. Co.,* 47 Wn. (2d) 879, 891, 289 P. (2d) 975, a very similar case, this court stated:

"As stated in 36 A. L. R. (2d) 337, at pp. 348, 349, the general rule in actions of trover and conversion is that interest is allowed from the date of the conversion. Considering the fact that the plaintiff has been deprived of the use of his property or its proceeds during the interim, the rule seems to us to be a salutary one. Since, with the one exception referred to above, we have consistently allowed

the recovery of interest where it was asked, the rule of *B. & B. Bldg. Material Co. v. Winston Brothers Co., supra,* [158 Wash. 130, 290 Pac. 839] should be confined to actions where, as in that case, the property has been unintentionally lost or destroyed while rightfully in the defendant's possession. . . ."

In the instant case, the trial court allowed interest from the date of conversion upon the punitive two-thirds portion of the award as well as the compensatory one-third part. It is recognized that the *Grays Harbor* case, *supra,* was not an action for treble damages; that our statutory action for treble damages is in the nature of a penalty (*Gardner v. Lovegren,* 27 Wash. 356, 67 Pac. 615; *Skamania Boom Co. v. Youmans,* 64 Wash. 94, 116 Pac. 645; *Bailey v. Hayden, supra*); and that interest is generally disallowed on punitive damages. 15 Am. Jur., Damages § 299, p. 740. However, since counsel for the appellants has not presented this point, and the amount involved is very small, we do not decide the question.

It appears that respondents' brief was filed only 10 days prior to the hearing and appellants suggest that costs for this brief should be disallowed. However, no prejudice to appellants has been shown and the respondents will recover full costs.

The judgment is affirmed.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.