562 F.2d 622
 Kathy CASTO, Yvonne Casto, Debbi Casto, Margie Casto and
Betti Joan Casto, Minors, by and through City
National Bank & Trust Co., and Peggy
Casto and Charles Casto,
Plaintiffs-Appellees,
v.
The ARKANSAS-LOUISIANA GAS COMPANY, Defendant-Appellant.
 Nos. 76-1484, 76-1501 to 76-1505.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted July 21, 1977.
Decided Sept. 20, 1977.
 
 John M. Merritt and Joanna S. Sepkowitz, Oklahoma City, Okl. (D. Chad Ransdell of Buck, Crabtree & Ransdell, Oklahoma City, Okl., on the brief), for plaintiffs-appellees.
 Elliott C. Fenton and Donald R. Wilson, of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., for defendant-appellant.
 Before McWILLIAMS and DOYLE, Circuit Judges, and MARKEY, Chief Judge.*
 WILLIAM E. DOYLE, Circuit Judge.
 
 
 1
 The main issue in this case is whether the trial court erred in allowing prejudgment interest on damages which were awarded in the several personal injury cases; a secondary question is, assuming that prejudgment interest is allowable, whether it is also to be given in connection with the award of exemplary damages.
 
 
 2
 Only the facts bearing on these issues need to be mentioned.
 
 
 3
 The verdicts herein were returned on March 30, 1976. After that, defendant-appellant filed its motion to alter or amend the judgments so as to exclude prejudgment interest. This motion was denied.
 
 
 4
 The several claims for relief arose as a result of a gas explosion in a residence. Defendant-appellant was held responsible for the explosion because it did not have an odorant in its gas. The explosion occurred June 27, 1975. The jury verdicts totaled $345,000 for personal injuries plus an additional $10,000 for property loss and $150,000 for punitive damages. Interest was awarded by the court on all of the verdicts except the $10,000 for property damage. Appellees contend that the entire problem of prejudgment interest in a personal injury case is procedural under Oklahoma law and that, therefore, federal law determines the award of prejudgment interest. The federal law does not make any independent provision for the award of such interest. The only federal statutory provision is 28 U.S.C. § 1961, which does not commit itself on the subject. It merely declares that where judgments for the payment of money are affirmed and interest is properly allowable, it is to be calculated from the date of entry of the judgment in the district court until it is paid, at the rate that similar judgments bear interest in the courts of the states where such judgment was rendered.
 
 
 5
 Appellees contend that this vague statutory provision applies because an Oklahoma Supreme Court decision refers to the matter as being procedural. See Benson v. Blair, 515 P.2d 1363 (1973). But in the Blair case the issue was whether the Oklahoma statute could be applied retroactively. The court merely said that since interest is not the substance of the right of action, but rather a directive to the trial court, that "then it becomes a mode of procedure which the court was bound to follow." Id. at 1365. The court went on to say that the legislature was empowered to establish interest that is to accrue on a judgment and the fact that it has the effect of damages does not change the result. Grabbing hold of this slender thread, appellees would have us apply it in the sense of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This we cannot do, for it is contrary to the law which has been developed in the wake of Erie and it is contrary to the prior decisions of this court.
 
 
 6
 First, as to the federal statute, § 1961, supra, its silence as to the award of prejudgment interest is not significant. Numerous cases so hold. This was first decided in 1891 in the Supreme Court's decision in Mass. Benefit Association v. Miles, 137 U.S. 689, 11 S.Ct. 234, 34 L.Ed. 834 (1891). It continues to be followed in the circuits in the post-Erie cases. Louisiana & Arkansas Ry. Co. v. Export Drum Co., 359 F.2d 311, 317 (5th Cir. 1966); Moore-McCormack Lines, Inc. v. Amirault, 202 F.2d 893, 895 (1st Cir. 1953); New Amsterdam Casualty Co. v. Soileau, 167 F.2d 767, 772 (5th Cir. 1948). See also Oresman v. G. D. Searle & Co., 388 F.Supp. 1175, 1178 (D.R.I.1975).
 
 
 7
 Since Erie, the federal courts have undertaken to determine whether a matter is subject to state or federal law and a state pronouncement as to whether a question is substantive or procedural is not binding. Moreover, the test of substance or procedure was enunciated in Guaranty Trust Co. v. York,326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). As one reads Guaranty Trust, it is discovered that the substance-procedure syndrome is not the governing factor even in that case. Instead the test which was applied was outcome determinative. Justice Frankfurter in his opinion said that: "It is therefore immaterial whether statutes of limitation are characterized either as 'substantive' or 'procedural' in State court opinions in any use of those terms unrelated to the specific issue before us. Erie R. Co. v. Tompkins was not an endeavor to formulate scientific legal terminology." Id. at 109, 65 S.Ct. at 1470. The purpose of Erie, according to further statements in the opinion, was to see that in actions arising under state law the results would not differ based on the fact that the suit was tried in a federal court rather than in a state court.
 
 
 8
 A subsequent opinion of the Supreme Court, Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), further clarified the misconception that the entire matter was one of determining whether the issue was substance or procedure. Hanna stressed that the underlying policies of the Erie doctrine were to prevent forum shopping. It also demonstrated the fallacy of deciding the case on the basis of procedure on the one hand or substance on the other. The opinion of Chief Justice Warren concluded with the following statement:
 
 
 9
 Neither York nor the cases following it ever suggested that the rule there laid down for coping with situations where no Federal Rule applies is coextensive with the limitation on Congress to which Erie had adverted. Although this Court has never before been confronted with a case where the applicable Federal Rule is in direct collision with the law of the relevant State, courts of appeals faced with such clashes have rightly discerned the implications of our decisions.
 
 
 10
 Id. at 472, 85 S.Ct. at 1145 (footnote omitted). The Court then spoke of the power of Congress to prescribe housekeeping rules for federal courts which are applicable even though in conflict with state rules.
 
 
 11
 Soon after the Erie case the Supreme Court had before it a case involving prejudgment interest. This diversity action was Klaxon Co. v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). There was not even a contention that federal law had any application to this question. Rather, the issue was whether the law of the place where the contract was made, New York, applied or whether it was the law of Delaware where the case was tried. The trial court had applied New York law. It was reversed and remanded with directions to the trial court to apply the conflicts rule of the forum state, Delaware, as to prejudgment interest for the purpose of determining whether the law of that state governed or the law of New York was applicable.
 
 
 12
 Since there is no conflicts of law issue present in the case at bar, and since it is to be inferred from the Supreme Court's decision that state law not federal law governs, it tends to follow that the law of Oklahoma applies. Decisions of this court bear out this conclusion. The decisions from this Circuit have held for some time that in diversity actions the federal court looks to state law in order to determine the allowability of interest on a recovery. See Kinsella v. Leonard, 415 F.2d 574 (1969) (Prejudgment interest was there disallowed on a property damage award since it was not authorized by Colorado law.); Woodmont, Inc. v. Daniels, 290 F.2d 186 (1961) (applying Utah law to interest on a judgment); North Drive-In Theatre Corp. v. Park-In Theatres, 248 F.2d 232 (1957) (The court applied Colorado law to a prejudgment interest claim holding that it was awardable inasmuch as the judgment was liquidated. The contract had been made in New Jersey and performed in Colorado.)
 
 
 13
 All of the above plainly shows that prejudgment interest is not, as here contended by appellees, determined by federal law rather than state law and that the law of Oklahoma governs.
 
 
 14
 The Oklahoma statute, 12 O.S.Ann. § 727, subsection hnkey03032], provides for prejudgment interest as to damages for personal injury. This subsection is as follows:
 
 
 15
 When a verdict for damages by reason of personal injuries is accepted by the trial court, the court in rendering judgment shall add interest on said verdict at the rate of six percent (6%) per annum from the date the suit was commenced to date of verdict.
 
 
 16
 The trial court was then correct in its ruling that appellees were entitled to interest on that part of the award which grew out of personal injuries.
 
 
 17
 The other question which we must consider is whether the trial court correctly awarded prejudgment interest on the exemplary damage part of the award. We must hold that this ruling was not correct. Here we must inquire as to whether the exemplary damage award is to be regarded in law as damages "by reason of personal injury."
 
 
 18
 Appellant's contention is that exemplary damages are not damages for personal injuries and are not, therefore, subject to the interest provision of the Oklahoma statute.
 
 
 19
 Appellees, on the other hand, maintain that the exemplary damages are in truth a part of the personal injury award since they are awarded in a personal injury action and are not separable from the personal injury.
 
 
 20
 Our conclusion is that the connection between the personal injury and the exemplary damages is not such as to render the exemplary damages the same as personal injury damages. The latter are, of course, compensatory and the interest is of the same character. Exemplary damages are not compensation for actual physical harm. Instead the exemplary damages are in the nature of punishment. They are to be awarded where the defendant has been guilty of oppression, fraud or malice, "for the sake of example and by way of punishing the defendant." 23 O.S.Ann. § 9. By the express terms of the Oklahoma statute it is apparent that its object is to punish rather than to compensate the plaintiff. Furthermore, traditionally, prejudgment interest has not been awarded on exemplary damages. See Blake v. Grant, 65 Wash.2d 410, 397 P.2d 843 (1964), where the trial court had awarded interest on statutory treble damages for trespass. Based on the fact that two-thirds of the damages thus awarded were in the nature of a penalty, the court ruled out interest on that part of the damages. See Ventoza v. Anderson, 14 Wash.App. 882, 545 P.2d 1219 (1976); Riss & Co. v. Feldman, 79 A.2d 566 (D.C.Mun.App. 1951).
 
 
 21
 Our view of the Oklahoma interest statute together with the Oklahoma exemplary damage statute is that award of prejudgment interest on the exemplary damages was not justified. This part of the award must be eliminated.
 
 
 22
 The judgment of the district court is therefore affirmed in part and is reversed to the extent mentioned, that is the prejudgment interest on exemplary damages is to be eliminated. The cause is remanded with directions to the trial court to amend the judgment in this one particular.
 
 
 
 *
 Of the United States Court of Customs and Patent Appeals, Washington, D. C., sitting by designation