[No. 4731–4–II.   Division Two.   October 13, 1982.]

ELLEN M. HENRIKSEN, *Respondent,* v. WILLIAM
LYONS, *Appellant.*

*William Lyons,* pro se.

*Hugh A. Knapp,* for respondent.

REED, C.J.—Ellen Henriksen owns approximately 76 acres in western Skamania County. She brought this action against William Lyons, the owner of an adjacent parcel, seeking damages for timber trespass. Trial to the court resulted in a judgment in plaintiff's favor for (1) the stumpage value of the trees cut, which was trebled pursuant to RCW 64.12.030; and (2) $3,000 for diminution in value of the land. On appeal, defendant maintains the trial court erred both in trebling the stumpage value of the cut trees and in awarding additional damages. We affirm the trebling of stumpage value but reverse the award of additional damages.

In the summer of 1978, Lyons, a professional logger for 30 years, began logging his land. To establish the line separating his parcel from the Henriksen property, defendant conducted his own survey using a surveying chain and two compasses. Both he and his employee helper had experience locating property lines in this manner.

According to Lyons and his employee, the survey was commenced at a cement corner monument with a brass plate embedded in the top which Lyons presumed marked the 16th corner of the section. It is unclear as to who set the monument, or under what circumstances. Unfortunately, the monument was 50 feet from the actual corner. From this point defendant measured in a northerly direction along a fence which he mistakenly assumed was the boundary. He testified that he backed off 30 feet from the measured distance as a precautionary measure. He then squared the corner and established the east–west property line using the chain and compass. The net result of this amateur survey was that a triangular strip of plaintiff's

property, consisting of approximately 3 acres, was logged.

We consider first the trial court's assessment of treble damages. Conversion of trees exposes a wrongdoer to liability in an amount which is treble the on–site value of the timber. *Smith v. Shiflett,* 66 Wn.2d 462, 403 P.2d 364 (1965); *Longview Fibre Co. v. Roberts,* 2 Wn. App. 480, 470 P.2d 222 (1970); RCW 64.12.030.[1] Where the wrongdoer can satisfy the burden of showing that the trespass was casual or involuntary, or he had probable cause to believe the property was his own, recovery is limited to single damages. *Seattle–First Nat'l Bank v. Brommers,* 89 Wn.2d 190, 570 P.2d 1035 (1977); RCW 64.12.040.[2]

Although the award of treble damages conflicts with the more general policy against punitive damages, it is thought to be justified in this context because (1) it discourages the practice of private eminent domain; (2) it provides a rough estimate of future damages, especially for premature harvesting of trees; and (3) it punishes the voluntary trespasser. *Seattle–First Nat'l Bank v. Brommers, supra; Bloedel Timberlands Dev., Inc. v. Timber Indus., Inc.,* 28 Wn. App. 669, 626 P.2d 30 (1981). Because punitive damages are disfavored, however, our Supreme Court has

---

[1]RCW 64.12.030 states:

"Injury to or removing trees, etc.—Damages. Whenever any person shall cut down, girdle or otherwise injure, or carry off any tree, timber or shrub on the land of another person, or on the street or highway in front of any person's house, village, town or city lot, or cultivated grounds, or on the commons or public grounds of any village, town or city, or on the street or highway in front thereof, without lawful authority, in an action by such person, village, town or city against the person committing such trespasses or any of them, if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed or assessed therefor, as the case may be."

[2]RCW 64.12.040 states:

"Mitigating circumstances—Damages. If upon trial of such action it shall appear that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which such trespass was committed was his own, or that of the person in whose service or by whose direction the act was done, or that such tree or timber was taken from uninclosed woodlands, for the purpose of repairing any public highway or bridge upon the land or adjoining it, judgment shall only be given for single damages."

reasoned that treble damages should be awarded only where there is "an 'element of willfulness' on the part of the trespasser". *Blake v. Grant,* 65 Wn.2d 410, 412, 397 P.2d 843 (1964). Willful behavior can be established by circumstantial evidence. *Smith v. Shiflett, supra; Blake v. Grant, supra.*

In the context of a timber trespass, the question of whether one acted "willfully" so as to require trebling of damages has always been treated as one of fact. Our Supreme Court has said the issue is for the finder of fact and has refused to disturb findings based on substantial evidence. *Blake v. Grant, supra; Hawley v. Sharley,* 40 Wn.2d 47, 240 P.2d 557 (1952); *Gibson v. Thisius,* 16 Wn.2d 693, 134 P.2d 713 (1943).

In its written opinion, the trial court cited the following deficiencies in defendant's survey:

> No verification of the authenticity of the starting point was made, errors were made in the magnetic declination from true north, size of the quarter section was assumed and physical features were used as bench marks without verification.

The court concluded:

> In the instant case, the line establishment procedure was so inadequate, in fact, as to be of little support for the position that a diligent or even reasonable effort was made to establish the boundaries of defendant's tract.

■ Although reliance on an amateur survey is not reckless or willful per se, *Grays Harbor Cy. v. Bay City Lumber Co.,* 47 Wn.2d 879, 289 P.2d 975 (1955), behavior almost identical to that encountered in the present case was held sufficient to support a finding of willfulness in *Blake v. Grant, supra,* where the court states in 65 Wn.2d at 412:

> [The] court could properly find the necessary element of willfulness on the part of appellants and their employees in attempting to establish the boundary line without locating a proper starting point; in failing to talk to adjoining owners about the true line; in failing to see a previously blazed dividing line; and in making a major error in direction in running the east–west line.

Here Lyons failed to locate a proper point of departure; followed a fence which he mistakenly believed established the property line; failed to talk to adjoining landowners; failed to close his traverse in conducting his survey; and made a significant error in direction in running the east–west line. Although reasonable minds might differ as to whether defendant's conduct was willful, as opposed to merely negligent or careless, in view of the holding in *Blake* it can hardly be said there is no substantial evidence to support the trial court's finding. Treble damages were proper.

We turn now to defendant's contention that the trial court erred by awarding $3,000 for diminution in value of plaintiff's land. He maintains the additional damages were not properly segregated from the losses attributable to severance of the trees. In this state, the landowner suffering a timber trespass may elect to pursue either common law remedies or statutory remedies. At common law, damages are measured by the difference in the value of the land before and after the trespass. H. Falk, Jr., *Timber and Forest Products Law* § 156 (1958). The statutory remedy trebles the "stumpage value" of the severed trees. It is designed to compensate the landowner for all damages that are a normal consequence of the logging operation including, *inter alia*, "the loss of trees of less than merchantable size, the carving out of unwanted logging roads, or possible soil erosion and stream pollution". *Pearce v. G.R. Kirk Co.,* 22 Wn. App. 323, 328, 589 P.2d 302, *aff'd,* 92 Wn.2d 869, 602 P.2d 357 (1979); *Ventoza v. Anderson,* 14 Wn. App. 882, 545 P.2d 1219 (1976). Extraordinary losses are recoverable, however, if they are properly segregated. *Nystrand v. O'Malley,* 60 Wn.2d 792, 375 P.2d 863 (1962). By extraordinary, we mean losses that are not the normal consequence of a logging operation conducted in a reasonably prudent manner, *e.g.,* damages to bridges, pipelines, dwellings and outbuildings.

Because plaintiff has elected the statutory remedy, she is entitled to damages for diminution of the value of her land

only to the extent that those damages stem from an injury which is not a usual or normal consequence of a logging operation. Testimony at trial tended to show that, disregarding the value of the timber removed, plaintiff's land was worth $2,500 per acre before the trespass and $1,500 per acre after the trespass. There was scant evidence that this loss was extraordinary. In fact, photographs in evidence depict the usual aftermath of such an operation. Admittedly the presence of unwanted skid roads and the piles of debris and detritus are unsightly and unnerving to the owner–victim of the trespass. They are, however, a customary by–product of a logging operation. Therefore, the award for additional damages must be vacated.

■ Finally, Lyons asserts that he was denied due process of law because the trial judge failed to disqualify himself sua sponte because of alleged implied bias. Defendant acknowledges that he was aware of the claimed bias at the outset and could have filed an affidavit of prejudice; he deliberately chose not to do so. He reasons, nevertheless, that the alleged denial of due process triggers RAP 2.5(a)(3), and he should be allowed to assert the alleged error for the first time on appeal. We have recently held that even constitutional rights can be waived by failing to utilize the machinery available for asserting them. *See State v. Valladares,* 31 Wn. App. 63, 639 P.2d 813, *review granted,* 97 Wn.2d 1015 (1982). Consequently, Lyons waived this issue by failing to bring the facts before the trial judge and to seek his recusal. *See also State v. Rice,* 24 Wn. App. 562, 603 P.2d 835 (1979); *State v. Bolton,* 23 Wn. App. 708, 598 P.2d 734 (1979).

With respect to the merits, we believe the unsavory attack against Judge Kolbaba in appellant's brief warrants comment. Certainly, the actions of every judicial officer are open to public scrutiny and criticism. We believe it is irresponsible, however, for serious allegations to be made without any apparent attempt to investigate or verify the charges. We are shocked that counsel on appeal, as officers of the court, would include such unsupported hearsay alle-

gations in a brief.[3]

The trebling of damages for stumpage value is affirmed; the award of additional damages is reversed.

WORSWICK and SWANSON, JJ., concur.

Reconsideration denied November 9, 1982.

Review denied by Supreme Court February 24, 1983.

---

[3]Counsel on appeal, who were not trial counsel, withdrew from the case prior to oral argument; Mr. Lyons appeared pro se.