William KEARNEY, et al., Plaintiffs,

v.

PHILIPS INDUSTRIES, INC.,
Defendant.

Civ. No. B 84–511 (WWE).

United States District Court,
D. Connecticut.

Nov. 10, 1987.

On Motion for Reconsideration
Jan. 6, 1989.

Richard A. Bieder and Mark C. Durkin, Bridgeport, Conn., for plaintiffs.

Carolyn Wilkes Kaas (Philips), Wiggin & Dana, Jeremy G. Zimmermann, and Carol A. Fantozzi, New Haven, Conn., for Philip Industries, Inc.

Donald A. Cahill, Jr., Bridgeport, Conn., for Conn. Camp Ctr. of Mfd.

Kevin A. Coles, Cotter, Cotter and Sohon, P.C., Bridgeport, Conn., for third-party defendant.

Richard C. Robinson, Sorokin & Sorokin, Hartford, Conn., for Hamai.

## MEMORANDUM OF DECISION ON THIRD–PARTY DEFENDANT'S OBJECTION TO JULY 17, 1987 RULING OF THE MAGISTRATE

EGINTON, District Judge.

This is a products liability action brought by plaintiffs who were either injured or killed by an exploding propane tank. The complaint, filed on July 31, 1984, names two defendants: Philips Industries, Inc., manufacturer of the allegedly defective tank, and Hurricane Products, Inc., distributor of the tank. On December 26, 1985, Philips moved to implead Hamai Industries, Ltd., the Japanese manufacturer of the valve assembly. The third party complaint alleges that Hamai's negligence caused the tank to explode. Jurisdiction is based on diversity.

Hamai promptly moved to dismiss the third party complaint, relying on the Connecticut Product Liability Act, Conn.Gen. Stat. § 52–572m *et seq.* The Act provides in effect that defendants in product suits may implead, if at all, within one year after the suit is commenced. Conn.Gen.Stat. § 52–577a(b). Philips had moved to implead Hamai 17 months after the suit was filed.

U.S. Magistrate Arthur H. Latimer denied Hamai's motion. The magistrate's concise opinion accurately stated that the Connecticut courts have not addressed the question whether § 52–577a(b) is a statute of limitations. If it were, it would govern in federal court and require that the third-party complaint against Hamai be dismissed. *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Absent any direction in the statutory history or from Connecticut decisional law, the magistrate held that the better view is that § 52–577a(b) is a procedural device which is displaced in federal court by Fed.R.Civ.P. 14(a) under the principles of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The magistrate's decision was influenced by the fact that § 52–577a(b) has not been held to eliminate a product seller's independent right to sue for indemnity; in fact, it does not appear that the issue has ever been raised. Provided that such a right still exists, it appears that § 52–577a(b) limits only a defendant's ability to join additional parties in a pending product liability action. In this case, it would be purely

procedural and eclipsed by the federal impleader rule. If, on the other hand, § 52–577a(b) also limits a defendant's right to seek indemnity, then the act serves as a statute of limitations and provides a jurisdictional prerequisite to suit.

Hamai has objected to the magistrate's advisory opinion. 28 U.S.C. § 636(b). This court's review of a magistrate's opinion is *de novo*, though the court may, where appropriate, adopt or modify the views of the magistrate. Local Rules for United States Magistrates 1(C)(1), 2(b).

## DISCUSSION

### 1. Certification

As if to confirm the magistrate's observation, in subsequent briefing the parties have been unable to discern any direction from the Connecticut legislature or courts concerning the purpose or intent of § 52–577a(b). As a threshold matter, however, the parties have briefed the issue whether this is an appropriate question for certification to the Connecticut Supreme Court. The court holds that it is not.

■ Judge Cabranes's thorough opinion in *L. Cohen & Co., Inc. v. Dun & Bradstreet, Inc.*, 629 F.Supp. 1419 (D.Conn.1986) outlines those considerations which guide a court's discretionary decision whether to certify a question. In particular, the mere absence of a clear signal from sources of state law as to how a novel legal question should be decided is not in itself grounds to certify the question to the highest state court. " 'We do not abdicate' " *Id.*, at 1424 (quoting *Barnes v. Atlantic and Pacific Life Insurance Co.*, 514 F.2d 704, 705 n. 4 (5th Cir.1975)).

■ The resolution of the instant question will not prematurely decide constitutional questions, because it remains a question for federal determination whether state or federal law should govern a given issue in a diversity action. *See Casto v. Arkansas–Louisiana Gas Co.*, 562 F.2d 622, 624 (10th Cir.1977). Nor would certification avoid "unnecessary disruption of state governmental functions." *L. Cohen,*

*supra* at 1423. Accordingly, the court will deny the request for certification.

### 2. Impleader

Hamai argues, in effect, that § 52–577a(b) is a substantive limitation on a product seller's power to hold liable other participants in the manufacturing process. The act should be construed as allowing impleader only within one year of the commencement of suit and as displacing entirely the common law action for indemnity. After one year, a defendant product manufacturer simply would have no cause of action against other manufacturers. There is no persuasive evidence of state law indicating that this was the intention of the General Assembly.

The thrust of Hamai's argument is that by enacting product liability legislation, the General Assembly intended to displace all common law rights of action for injuries caused by defective products. The reliance on *Daily v. New Britain Machine Co.*, 200 Conn. 562, 512 A.2d 893 (1986) is overstated. *Daily* involved an appeal from an order of summary judgment for the defendant on the ground that the ten year statute of repose in the product liability act had expired. Conn.Gen.Stat. § 52–577a. The plaintiffs argued on appeal that the court erred by failing to consider their common law claims. The appellate court rejected this argument, noting that the complaint relied on the product liability act, which states: "[a] product liability claim ... may be asserted and shall be in lieu of all other claims against product sellers...." Conn.Gen.Stat. § 52–572n(a). The court held that this language meant that if a plaintiff relies on the act, it shall be his exclusive remedy.

The court did not address whether § 52–577a(b), providing that a defendant must bring a third-party action within one year of commencement of suit, excludes a defendant's common law right to indemnity. In fact, the one year limitation in § 52–577a(b) is not accompanied by similar language of exclusivity found in § 52–572n. It does not follow that because the legislature intended to displace plaintiffs' com-

mon law actions in product suits, it also meant to displace derivative actions available to defendants in the same suits.

Article I, § 10 of the Connecticut Constitution prohibits the General Assembly from eliminating causes of action available to the citizenry at common law, but the legislature may "provide reasonable alternatives to the enforcement of such rights." *Daily, supra* at 585, 512 A.2d 893 (quoting *Gentile v. Altermatt,* 169 Conn. 267, 286, 363 A.2d 1 (1975)). In other words, the General Assembly may constitutionally enact a statutory scheme to enforce rights available at common law, and in the process it may alter those rights. Hamai argues that the product liability act may freely eliminate a defendant's common law right to indemnity. Though this may be true in the abstract, there is no basis from which to find that the General Assembly in fact intended this result in § 52–577a(b).

A recent ruling by the Connecticut Superior Court, *Perakos v. Indian Hill Country,* No. 85–0241643–S, slip op. (Conn. Sup.Ct. April 27, 1987) (Flanagan, J.), dismissed a third-party claim in a product suit because it was brought more than one year after the suit was filed. The court stated that § 52–577a(b) is "jurisdictional in nature." The court does not explain the rationale supporting its conclusion which, in any event, was unnecessary to its decision. In a state court action, the time limits of § 52–577a(b) need not be jurisdictional to be operative.

■ Without a statement from the General Assembly or the Connecticut Supreme Court construing § 52–577a(b), this court cannot conclude that the act does more than it says it does. In particular, the court will not presume or infer that the General Assembly took from defendants sued under the act their traditional right to bring indemnity actions.

Whether Fed.R.Civ.P. 14(a), the federal impleader rule, governs impleader in a diversity action alleging a violation of Connecticut's Product Liability Act is a classic *Erie* question. The state law limits impleader to one year from the commencement of the underlying action. Conn.Gen.

Stat. § 52–577a(b). The federal rule allows impleader "[a]t any time." Fed.R.Civ.P. 14(a).

The essence of *Erie* is that in diversity actions state law governs matters of substance and federal law continues to control in matters of procedure. The problems raised by this formulation are obvious: "Each implies different variables depending upon the particular problem for which it is used." *Guaranty Trust Co. v. York, supra,* 326 U.S. at 108, 65 S.Ct. at 1469. The outcome-determinative test posited in *York* to resolve *Erie* problems proved unworkable and was therefore rejected. *Hanna v. Plumer,* 380 U.S. 460, 467, 85 S.Ct. 1136, 1142, 14 L.Ed.2d 8 (1965) (" 'Outcome-determination' analysis was never intended to serve as a talisman.").

After *Hanna* it cannot be argued that Connecticut's product liability impleader rule should apply in diversity actions. Taking account of the "twin aims of the *Erie* rule," there is no reason to believe that the application of one impleader rule over another would influence a plaintiff's choice of forum or result in inequitable administration of the laws. *Hanna, supra* at 468, 85 S.Ct. at 1142.

## CONCLUSION

Over objection of the third-party defendant and for the reasons stated above, the opinion of the magistrate is hereby RATIFIED, ADOPTED and AFFIRMED.

## ON MOTION FOR RECONSIDERATION

On February 17, 1988 this court, on motion of the defendants, dismissed the claim of plaintiff William Kearney seeking recovery for emotional injury resulting from his observance of the accident which resulted in the death of his children.

■ The court rested its decision on Connecticut law, as it is obliged to do in any case which falls within the jurisdiction of the federal court solely by reason of diversity of citizenship of the parties, and applied the decision of the Connecticut Supreme Court in *Amodio v. Cunningham,* 182 Conn. 80, 438 A.2d 6 (1980), which

denied recovery for emotional distress suffered by plaintiff through witnessing the deterioration and subsequent death of her daughter from malpractice of the defendant doctor. Although the court in *Amodio* appeared to limit its ruling to a medical malpractice situation and therefore might have been deemed to have narrowed its broad ruling in *Strazza v. McKittrick*, 146 Conn. 714, 719, 156 A.2d 149 (1959), this court refused to so find in its February 17th ruling. Instead this court held that the law in Connecticut, taken from *Strazza*, is that there can be no recovery for emotional disturbance stemming from fear of injury to a third person, even when that third person is a close relation.

The papers filed in connection with plaintiff William Kearney's Motion for Reconsideration brought to the court's attention several Connecticut cases handed down during the past decade. The court has reviewed the recent Supreme Court decision of *Maloney v. Conroy*, 208 Conn. 392, 545 A.2d 1059 (1988). In *Maloney* the Supreme Court followed *Amodio* but again significantly refused to follow the broad language of *Strazza*, instead restricting its holding to a medical malpractice situation. The Supreme Court emphasized some considerations of obvious concern in malpractice cases respecting almost limitless consequential damages unless stringent yardsticks could be applied.

Several judges of the Connecticut Superior Court have ruled on bystander emotional distress claims in accident situations not involving medical malpractice. The majority of these judges have refused to strike such claims from the complaint, applying the three criteria of *Dillon v. Legg*, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968), a California case discussed by the Connecticut Supreme Court in both *Amodio* and *Maloney*. Those criteria are that (1) the plaintiff be located near the scene of the accident; (2) the plaintiff suffer direct emotional impact from contemporaneous observance of the accident and (3) a close relationship exists between the plaintiff and the victim. See *McCarthy v. Widdows*, 14 CLT 39 (August 8, 1988) and *McCarthy v. Roberts*, 14 CLT 50 (November 3, 1988).

The court, having now reviewed the above referenced Connecticut decisions, believes that its ruling of February 17, 1988 should be reconsidered. When the considered limitations of the Supreme Court rulings are coupled with the clear interpretations accorded those rulings by a majority of Superior Court judges who have dealt with motions to strike bystander emotional injury claims, it is obvious that this federal court should adhere to the diversity doctrine by joining those Superior Court judges, and in refusing to strike the claim of emotional injury under the circumstances present in this case. The contention of the defendants that the alleged negligent acts did not take place at the time of the accident is beside the point, since it is sufficient if the negligence constituted a proximate cause of the accident, the injuries, and the resultant deaths.

Accordingly the ruling of the court dated February 17, 1988 dismissing the claim of plaintiff William Kearney for emotional injuries is hereby vacated, and those allegations of the originally filed complaint which alleged that the plaintiff William Kearney suffered anguish and discomfort as a result of observing injuries to his children are reinstated.