Yngve ULVEDAL, et al.

v.

HEIDELBERG EASTERN, INC., et al.

No. B–89–73 (WWE).

United States District Court,
D. Connecticut.

May 8, 1991.

Michael McKenna, Sienkiewicz, McKenna & Sienkiewicz, New Milford, Conn., for plaintiffs.

Henry C. Ide, David W. Schoolcraft, Trowbridge, Ide, Mansfield & Shaw, Hartford, Conn., for intervening plaintiff.

David J. Robertson, Madonna A. Sacco, Arnold J. Bai, Bai, Pollock & Dunnigan, Bridgeport, Conn., for defendants.

## RULING ON DEFENDANTS' MOTION FOR CERTIFICATION

EGINTON, District Judge.

## BACKGROUND

Plaintiff Yngve Ulvedal commenced this products liability action against defendants Heidelberg Eastern, Inc. and Heidelberg Druckmaschinen, A.G. ("Heidelberg") seeking damages for injuries sustained allegedly as a result of the defective and unreasonably dangerous condition of an offset press manufactured and distributed by the defendants. Plaintiff Ulvedal's employer, Strouts Lithographics, Inc. ("Strouts"), moved to intervene in October, 1990. The motion to intervene was granted without objection and Strouts filed a complaint seeking to recover sums that it has paid, or will pay, to Ulvedal in workers' compensation pursuant to Conn.Gen.Stat. § 31–293. Subsequently, this Court denied the defendant's Motion to Dismiss the Intervening Complaint. The Court held that Conn.Gen. Stat. § 52–572r(c) does not preclude intervention by employers in a product liability action because the date of the employment contract, and not the date of the injury, fixes the rights of the intervenor, and, in this case the employment relationship predates the passage of the Act.

Defendants are now moving for certification on the question of whether Conn.Gen. Stat. § 52–572r(c) bars the intervention of an employer in a products liability action.

## ARGUMENTS

Primarily, the defendants argue that this issue should be certified because state and federal courts have reached "dramatically differing results" concerning this question, and the Connecticut Supreme Court has not yet passed on the issue.

The intervening plaintiffs argue that the diversity of state court decisions is not a sufficient reason for certification. The plaintiffs maintain that this Court has already spent considerable time and energy in deciding this issue, and that it would be prejudicial to the plaintiffs to have to expend additional time, money and resources in relitigating an issue that has already been decided by this Court and by other federal courts.

For the reasons set forth below, defendants' Motion for Certification will be DENIED.

## DISCUSSION

Deciding whether to certify a particular question is left to the discretion of the individual federal judge, and certain considerations guide a court's decision. Federal courts should invoke certification only when it would "'save time, energy and resources....'" *L. Cohen & Co., Inc. v. Dun & Bradstreet,* 629 F.Supp. 1419, 1423 (D.Conn.1986) (citations omitted). In addition, this Court has noted that "the mere absence of a clear signal from sources of state law as to how a novel legal question should be decided is not in itself grounds to certify the question to the highest state court." *Kearney v. Philips Industries, Inc.,* 708 F.Supp. 479, 481 (D.Conn.1987).

In the instant case, the Court finds that certification would not save time, energy or resources. This Court had already expended time, energy and resources when it examined the question of an intervenor's rights in the context of the defendants' Motion to Dismiss the Intervening Complaint. At that time, the Court read the parties' briefs and thoroughly researched the issue. The Connecticut Supreme Court would be unreasonably burdened if certification was invoked every time a federal court was presented with an unsettled question of state law, *L. Cohen,* 629 F.Supp. at 1423, and this Court is persuaded that certification at this juncture would impede, not facilitate, the eventual resolution of this two-year old case.

## CONCLUSION

For the reasons set forth above the defendants' Motion for Certification is DENIED.