**REMINGTON ARMS COMPANY, a Corporation of the State of Delaware, Plaintiff,**

**v.**

**LIBERTY MUTUAL INSURANCE COMPANY, a Corporation of the Commonwealth of Massachusetts, Defendant.**

**Civ. A. No. 89–420–JLL.**

United States District Court, District of Delaware.

July 29, 1992.

Richard D. Allen and Donald E. Reid of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., and Richard A. Paul and Pamela Meitner of E.I. Du Pont de Nemours & Co., and Joanne B. Grossman and William F. Greaney of Covington & Burling, Washington, D.C., of counsel, for plaintiff Remington Arms Co.

Lawrence S. Drexler of Elzufon, Austin & Drexler, Wilmington, Del., and John C. Sullivan, Peter F. Rosenthal, Stephen F. Brock, Karen C. Buck, Geoffrey J. Alexander and Richard S. Mannella of Manta and Welge, Philadelphia, Pa., of counsel, for defendant Liberty Mut. Ins. Co.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

Remington Arms Company ("Remington") instituted this declaratory judgment action alleging that Liberty Mutual Insurance Company ("Liberty Mutual") has a duty to defend and indemnify Remington for environmental damage arising out of Remington's operations at three Connecticut locations. (Docket Item ["D.I."] 1.) The parties have previously stipulated that Connecticut law governs this action. (D.I. 275.) The deadlines for discovery and dispositive motions have now passed, and the Court has warned the parties to prepare for trial. *Remington Arms Co. v. Liberty Mutual Ins. Co.*, C.A. No. 89–0420–JLL, slip op. at 7 (D.Del. June 1, 1992) (D.I. 328 at Exhibit ["Ex."] 2; D.I. 314.)

█ Liberty Mutual has filed this motion to resolve "a number of novel, unresolved, and potentially dispositive questions of Connecticut law." (D.I. 294 at 1; *see also* D.I. 293.) Specifically, Liberty Mutual requests the certification of the following questions concerning the interpretation of the provisions contained in various Liberty Mutual Comprehensive General Liability policies issued to Remington:

1. whether an EPA letter constitutes a "suit" triggering the duty to defend;

2. the application of the "accident" term and the "occurrence" definition;

3. whether claims for reimbursement of environmental response costs constitute claims for "damages" under the policies;

4. whether a claim for recovery of costs for environmental remediation constitutes a claim for "property damage" or a claim for economic loss which ought to be borne by the insured;

5. the application of the pollution exclusion clause to pollution arising out of the insured's routine business operations;

6. the determination of whether "property damage," if any, takes place during the policy period;

7. whether the duty to defend must be determined by the "four corners" of the "complaint" in the context of an underlying proceeding where the facts necessary to determine the duty to defend are not set forth in that proceeding, nor will the underlying action resolve the coverage issues; and

8. whether the Connecticut rule of consequential damages flowing from the breach of the duty to defend applies when the underlying proceeding is not a civil action initiated by the filing of a complaint.

(D.I. 294 at 2.) Liberty Mutual argues that certification is appropriate because the Connecticut Supreme Court has never addressed these questions and would probably not adopt the conclusions previously reached by this Court in its construction of Delaware law, which the defendant bases on its reading of previous cases in Connecticut. Connecticut has provided a mechanism for certification by enacting the Uniform Certification of Questions of Law Act.[1]

---

1. Connecticut's version of the Uniform Certification of Questions of Law Act states in pertinent part:

   (b) The Supreme Court may answer questions of law certified to it by ... a United States District Court when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there

is no controlling precedent in the decisions of the supreme court of this state.

(c) This section may be invoked by an order of any of the courts referred to in subsection (b) of this section upon the court's own motion or upon the motion of any party to the cause.

(d) A certification shall set forth: (1) The questions of law to be answered; and (2) a statement of all facts relevant to the questions

Federal courts sitting in diversity face questions of unsettled state law with great frequency. Drawing upon a number of resources, federal courts ordinarily attempt to rule as the highest court of that state would approach the issue. *See Wilson v. Asten–Hill Mfg. Co.,* 791 F.2d 30, 32 (3d Cir.1986). Certification is a procedure that enables a federal court to request a ruling by a state's highest court to ascertain unsettled questions of state law in certain circumstances. Certification is a more efficient procedure than abstention, the other alternative to a decision on the merits. *Lehman Bros. v. Schein,* 416 U.S. 386, 390–91, 94 S.Ct. 1741, 1743–44, 40 L.Ed.2d 215 (1974). Nevertheless, as our present Chief Justice noted, "[w]hile certification may engender less delay and create fewer additional expenses than would abstention, it entails more delay and expense than would an ordinary decision of the state question on the merits by the federal court." *Id.* at 395, 94 S.Ct. at 1746 (Rehnquist, J., concurring). "[I]n a purely diversity case . . ., the use of such a procedure is more a question of the considerable discretion of the federal court in going about the decisionmaking process than it is a question of a choice trenching upon the fundamentals or our federal-state jurisprudence." *Id.* Accordingly, certification is not mandatory, for "the use of certification procedures such as those in [*Conn.Gen.Stat.*] § 51–199a 'rests in the sound discretion of the trial court.'" *Stefano v. Smith,* 705 F.Supp. 733, 734–35 (D.Conn.1989) (quoting *Lehman Bros.,* 416 U.S. at 391, 94 S.Ct. at 1744).

In deciding whether to grant certification "the mere absence of a clear signal from sources of state law as to how a novel legal question should be decided is not in itself grounds to certify the question to the highest state court." *Kearny v. Phillips Indus.,* 708 F.Supp. 479, 481 (D.Conn.1987) (construing *Conn.Gen.Stat. § 51–199a). See also Stefano,* 705 F.Supp. at 734–35; *L. Cohen & Co. v. Dun & Bradstreet, Inc.,* 629 F.Supp. 1419, 1422–24 (D.Conn.1986).

On the other hand, certification is certainly appropriate where abstention can be properly invoked "to avoid the premature decision of federal constitutional claims, *see, e.g., Bellotti v. Baird,* [428 U.S. 132, 96 S.Ct. 2857, 49 L.Ed.2d 844 (1976) ]; *Clay v. Sun Insurance Office,* [363 U.S. 207, 80 S.Ct. 1222, 4 L.Ed.2d 1170 (1960) ], *Griffin Hospital v. Commission on Hospitals,* [782 F.2d 24 (2d Cir.1986) ], or the unnecessary disruption of state governmental functions, *see, e.g., Louisiana Power & Light Co. v. Thibodaux,* [360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959) ]; *Fiat Motors v. Mayor and Council of Wilmington,* [619 F.Supp. 29 (D.Del.1985) ]." *L. Cohen & Co.,* 629 F.Supp. at 1423. Certification may be appropriate in other circumstances as well, depending on various factors. Liberty Mutual urges certification in this instance because of the likelihood that these environmental insurance coverage issues will recur, Connecticut's interest in its substantive law in this area, the unsettled state of Connecticut law, and this Court's lack of familiarity with Connecticut law.

Certification of these issues, however, would raise a number of serious problems. First, the established facts in this case are insufficient for certification. By its very nature, the process of certifying legal questions calls for a strict division between the facts and the applicable law. The role of a state's appellate court is not to act as a finder of fact in the certification procedure, a limitation consistent both with its appellate role and the preservation of the right to a federal forum which is inherent in the grant of diversity jurisdiction, *see Meredith v. City of Winter Haven,* 320 U.S. 228, 234–37, 64 S.Ct. 7, 10–12, 88 L.Ed. 9 (1943). More specifically, the statute enabling this Court to certify a question of law would require "a statement of *all facts relevant* to the questions certified and showing *fully* the nature of the controversy in which the questions arose." *Conn. Gen.Stat.* § 51–199a(c) (emphasis added). Liberty Mutual contends that the factual record is sufficient because discovery has

certified and showing fully the nature of the controversy in which the questions arose.

*Conn.Gen.Stat. §* 51–199a.

been completed. The completion of discovery may provide the facts a party needs to make a legal argument, but it may not provide the Court with facts necessary for certification. Discovery in this case has produced tens of thousands of documents and has been marked by a series of hotly disputed issues. *See, e.g., Remington Arms Co. v. Liberty Mutual Ins. Co.,* C.A. No. 89–0420–JLL (D.Del. July 16, 1992) (D.I. 338); C.A. No. 89–0420–JLL (June 19, 1992) (D.I. 329); C.A. No. 89–0420–JLL (D.Del. June 1, 1992) (D.I. 328 at Ex. 2; D.I. 314); C.A. No. 89–0420–JLL, 142 F.R.D. 408 (D.Del. 1992) (D.I. 288); C.A. No. 89–0420–JLL (D.Del. Feb. 11, 1992) (D.I. 255 & 256); C.A. No. 89–0420–JLL (D.Del. June 27, 1991) (D.I. 129). The parties have not stipulated to the essential facts of this case, and the case awaits the resolution of these issues. Liberty Mutual cannot rely on stipulations between the parties or findings of fact to satisfy the statutory requirement of a complete record of relevant facts and has failed to advance any other persuasive grounds upon which it can be satisfied.

The difficulties of answering the certified questions without an established factual background presents another, related problem. All of the issues posed by Liberty Mutual are, in its words, "potentially dispositive." (D.I. 294 at 1.) The length of Liberty Mutual's list of questions demonstrates the difficulty of determining the case by certification. Any or none of these questions may be determinative in the case. Without proper factual findings or stipulations, the Connecticut Supreme Court could not limit its decisions to those necessary for the outcome of the case. The proper role of the federal courts lies in the necessary resolution of specific disputes and not in hypothetical questions or general policy matters. This principle is implicit in the history of our jurisprudence as well as Article III of the Constitution. *Flast v. Cohen,* 392 U.S. 83, 96–97, 88 S.Ct. 1942, 1950–51, 20 L.Ed.2d 947 (1968). Where a resolution of the questions presented may not be necessary to the resolution of the case, certification runs the risk of offend-

ing the policies that prohibit the federal courts from undertaking advisory opinions. Accordingly, certification is less appropriate. *See Walker v. State Farm Mut. Auto Ins. Co.,* 661 F.Supp. 930, 935 (D.Del.1987), *aff'd,* 845 F.2d 1019 (3d Cir.1988) ("[T]he Court will neither proceed needlessly to resolve the apparent incongruities between [cases], nor certify a question ... which is not absolutely essential to the resolution of the motions."). In addition, certification of questions that may not be dispositive could put an unnecessary burden on the resources of the state judiciary. The burden placed on the state judiciary counsels restraint, *see, L. Cohen & Co.,* 629 F.Supp. at 1422–23, especially where the questions may not be dispositive.

Furthermore, the delay in this case's resolution and the inherent costs of the procedure counsel against certification. The United States District Court for the District of Connecticut has repeatedly stated that a federal court should resort to certification under *Conn.Gen.Stat.* § 51–199a "only when doing so would, in the context of the particular case, 'save time, energy and resources ...'" *Stefano,* 705 F.Supp. at 735; *L. Cohen & Co.,* 629 F.Supp. at 1423 (quoting *Lehman Bros.,* 416 U.S. at 391, 94 S.Ct. at 1744). Certification would not achieve those goals in this instance. This case is fast approaching trial, and this Court has become familiar with the factual context and disputes as well as the underlying legal issues. Certification would inevitably lead to a delay in the case's resolution by shuttling the case between courts and engendering new debates regarding the wording of the certified questions,[2] the application of any legal conclusions to the complex facts in this case, and other issues. In this particular case, no interest justifies the imposition of this burden.

For the foregoing reasons, the motion is denied. An order will be entered consistent with this Memorandum Opinion.

---

**2.** Remington opposes the wording of Liberty Mutual's proposed certified questions but has

reserved this objection in case the Court should grant certification. (D.I. 328 at 16 n. 7.)