[No. 36061-2-I.   Division One.   May 6, 1996.]

MARTIN BIRCHLER, ET AL., *Respondents*, v. CASTELLO LAND COMPANY, INC., ET AL., *Appellants*.

---

[9]RCW 19.100.170; Chisum, 48 WASH. L. REV. at 351.

[10]*E.g.*, RCW 19.100.170(2).

*Steven D. Robinson* and *Karr Tuttle Campbell,* for appellants.

*James A. Doros,* for respondents.

Cox, J. — Castello Land Company, Inc. (Castello), and J.R. Hayes & Sons, Inc. (Hayes), appeal the judgment in favor of Martin Birchler, Judith Wilson, and Dean and Darlene Lang. The judgment awards damages for emotional distress as well as for violations of the timber trespass statute. The trial court properly awarded emotional distress damages and properly excluded evidence of Castello's and Hayes' efforts to repair the damage to vegetation. Therefore, we affirm.

Birchler, Wilson, and the Langs (Owners) owned and resided on property located in Sea-Tac, Washington. A greenbelt of vegetation lined the south end of their property. Castello owned an undeveloped ravine south of and adjacent to this residential property.

Castello obtained a permit to grade and fill the ravine and permitted Hayes to put fill material in the ravine. Castello was not authorized to grade on the residential

properties. Castello's foreman instructed Nick Hayes, vice-president of Hayes, where to grade and fill. Nick Hayes then directed his workers to scrape vegetation off the property before grading any fill material onto it.

Hayes' equipment operator began grading from the west end of the ravine and scraped all vegetation from the ground before grading fill onto the ground. He filled 40 feet north of the boundary on the residential properties. He had no permission from the property owners to enter onto the property and admitted that he knew he was filling and grading on the property of others. Hayes' work ultimately encroached on each of the residential properties and removed vegetation without permission.

Nick Hayes later visited the Wilson property and observed that part of her property had been completely stripped, including her portions of a fence. Wilson then gave him permission to remove the remains of the damaged fence and to level the ground so the fence could be replaced. In order to properly level Wilson's property, Nick Hayes believed he would have to grade Birchler's property level with Wilson's. Nick Hayes allegedly obtained permission to do so from Jack Gardner, Birchler's tenant. Gardner was residing on the property. Nick Hayes then proceeded to grade that property.

Castello and Hayes also offered to compensate Owners for the damage done to their vegetation. Owners declined these offers. Owners commenced this action, alleging causes of action against Castello and Hayes for trespass to land, violation of the Consumer Protection Act, and statutory timber trespass.[1]

---

[1]RCW 64.12.030, the timber trespass statute, provides:

"Whenever any person shall cut down, girdle or otherwise injure, or carry off any tree, timber or shrub on the land of another person, or on the street or highway in front of any person's house, village, town or city lot, or cultivated grounds, or on the commons or public grounds of any village, town or city, or on the street or highway in front thereof, without lawful authority, in an action by such person, village, town or city against the person committing such trespasses or any of them, if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed or assessed therefor, as the case may be."

The trial court dismissed the Consumer Protection Act claims on summary judgment. The trial court also ruled in limine that Castello and Hayes could not present evidence of their offer to repair the damage to Owners' vegetation and properties. The court further ruled that Castello and Hayes could present evidence of the conversation between Nick Hayes and Gardner regarding Nick Hayes' understanding that he had permission to remove vegetation and grade the Birchler property. But at trial, following an objection by Owners and an unreported sidebar, Castello and Hayes did not elicit testimony regarding this conversation.

The parties proceeded to trial on the timber trespass claim. They also sought emotional distress damages. Castello and Hayes moved to strike these claims for emotional distress damages. The trial court denied the motion and permitted Owners to present evidence of emotional distress. The court instructed the jury on emotional distress damages, over objections by Castello and Hayes.

The jury returned verdicts for Owners, awarding damages for restoration costs and emotional distress. The jury further found that the trespasses to the property were not "casual or involuntary." The court entered judgments for each owner as follows: Birchler was awarded $53,000 ($17,000 in restoration costs trebled + $2,000 for emotional distress); the Langs were awarded $41,750 ($13,250 in restoration costs trebled + $2,000 for emotional distress); and Wilson was awarded $53,000 ($17,000 in restoration costs trebled + $2,000 for emotional distress). Castello and Hayes appeal.

I

Emotional Distress Damages

Castello and Hayes argue that the trial court erred by awarding emotional distress damages. They claim that Owners elected the statutory remedy of treble damages

under the timber trespass statute and they are therefore barred from claiming any additional remedies. We disagree.

■ Once a plaintiff chooses to pursue the remedy provided in the timber trespass statute, he or she is barred from asserting another.[2] The remedy for intentional violations of the timber trespass statute is treble damages.[3] When the damage is to ornamental greenery on residential property, plaintiff's recovery under the statute is for restoration and replacement costs.[4]

But a plaintiff may recover extraordinary losses in a timber trespass action if they are properly segregated.[5] Extraordinary losses are those that stem from an injury that is not a usual or normal consequence of the acts that gave rise to the timber trespass violation.[6] In *Henriksen*, the trial court awarded damages for the diminished value of plaintiff's property in addition to the statutory treble damages for injury caused by a logging operation. The appellate court vacated the award for these additional damages because it was a "customary by-product of a logging operation."[7]

In *Nystrand v. O'Malley*,[8] the plaintiffs claimed on appeal that they were entitled to treble damages for the depreciation of their property caused by defendants' trespass. There, the defendants removed trees, a hedge, and a stone bulkhead from plaintiffs' property. The trial court awarded the plaintiffs treble damages under the

---

[2]*Bill v. Gattavara*, 34 Wn.2d 645, 649, 209 P.2d 457 (1949).

[3]RCW 64.12.030; *Smith v. Shiflett*, 66 Wn.2d 462, 464-65, 403 P.2d 364 (1965).

[4]*Sherrell v. Selfors*, 73 Wn. App. 596, 602-03, 871 P.2d 168, *review denied*, 125 Wn.2d 1002 (1994).

[5]*Henriksen v. Lyons*, 33 Wn. App. 123, 127, 652 P.2d 18 (1982), *review denied*, 99 Wn.2d 1001 (1983).

[6]*Henriksen*, 33 Wn. App. at 127-28.

[7]*Henriksen*, 33 Wn. App. at 128.

[8]60 Wn.2d 792, 375 P.2d 863 (1962).

statute and additional damages for depreciation of their property.

The appellate court affirmed the award, concluding that the statutory treble damages were "strictly limited to damages resulting from the cutting or destruction of trees, timbers or shrubs."[9] Because the depreciation caused by removal of the bulkhead was not segregated from depreciation caused by the destruction of trees and shrubs, treble damages for depreciation damages were improper.[10] Thus, implicit in the court's holding is the principle that the additional damages were recoverable. The only issue was whether those damages could be trebled.

Here, the additional damages were emotional distress damages caused by the removal of the vegetation. Such damages cannot be fairly characterized as "a customary by-product" of removing vegetation because they are unique to the values and sensitivities of the property owner. These damages were also segregated from restoration costs through special interrogatories and special verdict forms and were not trebled with the restoration costs.

Awarding these damages does not result in double recovery, as Castello and Hayes suggest. Statutory damages measure the market value of the property, whereas emotional distress damages reflect the emotional value a particular person has attached to property. The market value does not necessarily encompass this emotional value. Timber or vegetation having little market value may have great emotional value to a particular person. Its removal would result in emotional distress not accounted for by the statutory restoration and replacement costs.

Moreover, statutory treble damages awarded under the statute are intended to punish the voluntary offender and to discourage a person from carelessly or intentionally removing another's shrubs or trees on the gamble that the

---

[9]*Nystrand*, 60 Wn.2d at 796.

[10]*Nystrand*, 60 Wn.2d at 796.

enterprise may be profitable if only normal damages are incurred.[11] That purpose is unrelated to the purpose of awarding emotional distress damages one may plead, prove, and segregate at trial in situations such as these. Unlike damages that compensate for diminished value to property, emotional distress damages provide compensation for injury to the person.[12] The trial court did not err by permitting the jury to award Owners emotional distress damages in addition to the statutory treble damages.

We affirm the judgment.

The rest of this opinion has no precedential value and therefore will not be published.[13]

KENNEDY, A.C.J., and COLEMAN, J., concur.

Reconsideration denied July 24, 1996.

Review granted at 131 Wn.2d 1001 (1997).

---

[11]*See Guay v. Washington Natural Gas Co.,* 62 Wn.2d 473, 476, 383 P.2d 296 (1963).

[12]*See Miotke v. City of Spokane,* 101 Wn.2d 307, 332, 678 P.2d 803 (1984) (affirming award of mental distress damages in addition to damages for diminished value of property in nuisance action). *Accord Wilson v. Key Tronic Corp.,* 40 Wn. App. 802, 811, 701 P.2d 518 (1985) .

[13]RCW 2.06.040.